517 So.2d 998 (1987)
Mike POIRIER, et ux, Plaintiffs-Appellants,
v.
BROWNING FERRIS INDUSTRIES, Defendant-Appellee.
No. 86-955.
Court of Appeal of Louisiana, Third Circuit.
October 7, 1987.
Writ Denied November 30, 1987.
Paul Guilliot, Lafayette, plaintiffs-appellants.
Gibbens & Blackwell, John Blackwell, New Iberia, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Henry Sarpy, Jr., New Orleans, for defendant-appellee.
Before STOKER and YELVERTON, JJ., and CULPEPPER, J. Pro Tem.[*]
STOKER, Judge.
Patricia Blanchard Poirier appeals the dismissal of her claim for loss of consortium based on prescription.
Mike Poirier filed suit against BFI Industries, Offshore Mud Movers, Inc. and Mud Movers, Inc. on May 20, 1985. He alleged that the activities of these defendants had led to an accident at work on May 21, 1984 in which Poirier suffered severe injuries. On March 21, 1986, 22 months after the accident, an amended petition was filed, adding a claim by Poirier's wife Patricia for loss of consortium. An exception of prescription as to Mrs. Poirier's demand was sustained by the trial court. Mrs. Poirier appeals, contending that under LSA-C.C.P. art. 1153 and the jurisprudence, her amended claim relates back to the date of the filing of her husband's timely-filed original petition.
LSA-C.C.P. art. 1153 provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
Our Supreme Court expounded upon the relationship between this article and prescription in Giroir v. South La. Medical Ctr., Etc., 475 So.2d 1040 (La.1985). The court stated:
"The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof.

*999 They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period."
It then concluded that a post-prescription amendment adding or substituting a plaintiff will relate back to the timely-filed original petition if:
"(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense."
In Giroir, a husband brought survival and wrongful death actions within a year of his wife's death, based on a medical malpractice allegation. Ten days later, one year and three days after her death, an amended petition was filed adding the decedent's (and the original plaintiff's) two grown children as plaintiffs. The court found that the children's claims met the four-factor test set forth above. Two factors were particularly important: first, the defendants knew of the existence of the children, through conversations with the decedent, visits made by the children, and medical records in the defendants' possession; second, because of the proximity of the filing of the amendment to the filing of the original petition, the defendants could not forcefully argue that their trial preparation efforts were prejudiced by the late filing.
The facts before us do not meet the Giroir test. Mrs. Poirier's claim arises out of the same incident as her husband's claim, but it is a separate cause of action. Nothing in the original petition puts the defendants on notice that Mike Poirier had a wife, much less that she might have an action for damages. The defendants had no records concerning Poirier which would indicate his marital status. The amendment was filed almost a year after Mike Poirier's petition. The unexpected and untimely filing of this substantial claim close to the trial date would cause obvious prejudice to the defendants.
In Giroir the Supreme Court listed the factual events which would have put the defendant state hospital on notice that she had children. Consequently, in Giroir factor two (knowledge of existence of other plaintiffs) was met. Here, in the case before us, Patricia Blanchard Poirier's brief signals her recognition of the weakness of her case as to this factor. In her brief she attaches copies of several hospital admission forms which indicate that Michael Poirier had a wife. These forms are not a part of the record. More important is the fact that there is no indication the defendants had any reason to be aware of them. As a result we conclude that Patricia Blanchard Poirier failed to satisfy factor number two of the Giroir test.
The appellant points to Dykes v. Peabody Shoreline Geophysical, 482 So.2d 662 (La. App. 1st Cir.1985) as support for her position. In that case Mr. and Mrs. Dykes sued to recover damages caused by seismic blasting. They added the claims of their minor children more than one year after the incident. The court quoted heavily from Giroir, but gave little discussion of the facts before it in allowing the amendment to relate back. It is unclear whether the compelling circumstances of Giroir were present in Dykes.
We are not convinced that Giroir has loosened the protection of prescription so far as to allow the relation back of this amendment. We do not believe that a defendant must remain alert indefinitely to the possibility that a plaintiff might have a spouse or children, or both, who might at some future date bring a claim. To the extent that this conflicts with Dykes, we disagree with the First Circuit's analysis. The Giroir test must be administered on a case-by-case basis. In this case, the relation back of the amendment is unwarranted.
*1000 For these reasons, the judgment of the trial court dismissing Mrs. Poirier's claim is affirmed.
AFFIRMED.
NOTES
[*] Honorable William A. Culpepper, Judge, Retired, participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.