531 So.2d 299 (1988)
Russell D. LOUVIERE, et ux., Plaintiffs-Appellants,
v.
HARTFORD INSURANCE COMPANY, et al., Defendants-Appellees.
No. 87-524.
Court of Appeal of Louisiana, Third Circuit.
June 28, 1988.
Paul J. Guilliot, Lafayette, Fline & Chouest, Leonard J. Cline, St. Metairie, for plaintiffs-appellants.
Jeansonne & Briney, Charles J. Foret, McBride & Foret, Robert R. McBride, Lafayette, Duval, Funderburk, Sundbery & Lovell, Sidney C. Sundbury, Houma, Gold, Simon, Weems, Bruser, Sharp, Sues & Rundell, Edward E. Rundell, Alexandria, for defendants-appellees.
Before DOUCET, YELVERTON and KNOLL, JJ.
KNOLL, Judge.
This appeal concerns whether an amended claim for the wife's loss of consortium relates back to the timely filed original petition of the husband, and whether the amended claim prescribed.
The appellant, Theresa Louviere, and her husband, Russell Louviere, were injured in an automobile accident. Mrs. Louviere settled her claim for personal injuries, but later added a claim for loss of consortium to Mr. Louviere's supplemental and amended *300 petition. Defendants, Eugene Leblanc, Mitchell Marine Service and its insurer, Hartford Insurance Company, Louis Henley, d/b/a Henley's Trailers Inc. and its insurer, United States Fidelity & Guaranty Company, Kelsey-Hayes Company and Kelsey-Hayes Axle Company, filed a peremptory exception of prescription, alleging Mrs. Louviere's claim for loss of consortium had prescribed. The trial court granted the exception and dismissed Mrs. Louviere's claim with prejudice. Mrs. Louviere appeals, contending the trial court committed manifest error in granting defendants' exception of prescription in that such claim relates back to the original timely filed petition for damages.

FACTS
The facts of this case are not in dispute. On or about October 9, 1984, plaintiffs, Russell and Theresa Louviere, were injured in a vehicular accident in Lafayette. Their minor daughter, Lori, was also in the car, but was not injured. Mr. Louviere was travelling in the left lane of Highway 90 and was slowing down for a traffic signal at the intersection of Highway 90 and Surrey Street. Defendant, Eugene Leblanc, was travelling in the right lane of Highway 90 and lost control of his tractor/trailer as he attempted to slow down for the traffic signal. When he lost control of his tractor/trailer, he struck plaintiffs' automobile several times, injuring both Mr. and Mrs. Louviere.
In June of 1985, defendants Eugene Leblanc, Mitchell Marine Service Corporation and Hartford Insurance Company settled with Mrs. Louviere for her personal injuries. In reviewing the record it appears she reserved no rights against defendants.
Mr. Louviere filed suit on August 21, 1985, against Eugene Leblanc, Mitchell Marine Service Corporation and Hartford Insurance Company. In September of 1986, Mr. Louviere substituted counsel and filed a supplemental and amended petition, which included Mrs. Louviere's claim for loss of consortium and added Louis Henley, d/b/a Henley Trailers, Inc., its insurer USF & G, Kelsey-Hayes Company and Kelsey-Hayes Axle Company as defendants. Mrs. Louviere was 26 at the time of the accident. These four new defendants as well as the original defendants filed a peremptory exception of prescription to Mrs. Louviere's loss of consortium claim.

AMENDMENT FOR LOSS OF CONSORTIUM
LSA-C.C.P. Art. 1153 provides:
"When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
The Louisiana Supreme Court provided an explanation of how this article and prescription interact in Giroir v. South La. Medical Ctr., Etc., 475 So.2d 1040 (La. 1985). The court stated at page 1045:
"The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period."
The court went on to state a four part test to determine if an amendment adding or substituting a plaintiff will relate back to the timely filed original petition, and held that a plaintiff should be allowed to relate back if:
"(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense." Id. at page 1044.
*301 This four part test was applied in Poirier v. Browning Ferris Industries, 517 So.2d 998 (La.App. 3rd Cir.1987), writ denied, 519 So.2d 105 (La.1987), wherein we held that although plaintiff's claim arose out of the same accident as her husband's, it was a separate cause of action. Defendant in Poirier was also unaware that the original plaintiff had a wife and was completely surprised by her claim for loss of consortium. This unexpected and untimely filing of Mrs. Poirier's claim obviously prejudiced defendant. Therefore, Mrs. Poirier's claim was dismissed.
In the case sub judice, Poirier is on point concerning the amended defendants, Louis Henley, d/b/a Henley's Trailers Inc. and its insurer, United States Fidelity & Guaranty Company, Kelsey-Hayes Company and Kelsey-Hayes Axle Company in relation to parts two and four of the test provided by Giroir. After a thorough review of the entire record, the only instance Mr. Louviere indicated he was married was in answer to interrogatories propounded by amended defendants approximately one and a half years after plaintiff's accident. Thus, amended defendants were completely surprised by the existence of Mrs. Louviere until well after prescription had accrued. Clearly, Mrs. Louviere's claim of relating back fails the second prong of the test provided in Giroir. Further, there can be no doubt that this surprise prejudiced amended defendants in preparing and conducting a proper defense to Mrs. Louviere's claim for loss of consortium. To allow such a stale claim to relate back would cause undue hardship and prejudice to amended defendants. Therefore, Mrs. Louviere's claim for loss of consortium against the amended defendants was properly dismissed by the trial court in maintaining the exception of prescription.
However, the original defendants, Eugene Leblanc, Mitchell Marine Service Inc. and Hartford Accident & Indemnity Company, do fall within the parameters of the test enunciated in Giroir for a claim to relate back. Shortly after plaintiff's accident occurred, the original defendants settled with Mrs. Louviere for her own personal injuries. There can be little doubt the original defendants were put on notice that Mrs. Louviere was married to plaintiff, Russell Louviere. Thus, defendants cannot claim they were surprised by Mrs. Louviere's introduction into this suit as contemplated in Giroir. Also, since defendants knew the existence of Mrs. Louviere, they were in a position to adequately prepare a proper defense to any claim or claims she might bring against them. Accordingly, we overrule the exception of prescription as to the original defendants because it falls within the parameters of Giroir. Nevertheless, since Mrs. Louviere entered into a settlement with the original defendants without reserving any rights, this issue should be res judicata as to these defendants. However, this court is powerless to supply a peremptory exception of res judicata, which must be specially pleaded. LSA C.C.P. Art. 927. Therefore, Mrs. Louviere's claim for loss of consortium relates back to the original petition of Russell Louviere.
For the foregoing reasons, the judgment of the trial court dismissing the amending defendants is affirmed; the judgment dismissing the original defendants is reversed and remanded. Costs of this appeal are assessed one half to Mrs. Louviere and one half to the original defendants.
AFFIRMED IN PART; REVERSED AND REMANDED IN PART.