YELVERTON, Judge.
The issue presented by this appeal is whether a worker’s compensation employer who intervened in a tort suit brought by an injured employee, for recovery of compensation benefits paid that employee, can by a supplemental and amending petition in the same suit demand benefits paid on behalf of another employee injured in the same accident. The trial judge sustained exceptions of prescription, no cause of action, and improper cumulation of actions to the supplemental and amending intervention. After a denial of a motion for new trial filed by the employer, the employer filed the present appeal. We reverse and remand.
FACTS
A truck owned by Louisiana Oil & Tire Company struck and killed Jerry Rogers on October 2, 1985, as Rogers was getting out of his vehicle. In the same accident Barry Bourque, a passenger in Rogers’ vehicle, was injured. Both Rogers and Bourque were employees of Iberia Sugar Cooperative, Inc. (the Cooperative). The accident happened in the course and scope of their employment. The heirs of Rogers, and Bo-urque were both paid worker’s compensation benefits by their employer, the Cooperative.
The heirs of Rogers, and Bourque, filed suit for tort damages against the third party tortfeasor, Louisiana Oil & Tire Company, and its driver, Jimmy E. Green, and their liability insurer, Royal Insurance Company. Separate suits were filed, the suit by the heirs of Rogers on November 15, 1985, and that of Bourque on August 27, 1986.
The Cooperative intervened in the Rogers suit for the recovery of worker’s compensation benefits it paid to the heirs of Rogers. The intervention was filed on January 3, 1986. The Cooperative never intervened in the Bourque suit.
Bourque’s suit was dismissed on motion of the parties in that suit on July 22, 1987. The motion to dismiss asserted that all issues had been compromised. The record shows that Royal Insurance Company, the insurer for the third party tortfeasor, paid Bourque $28,000 in settlement.
The Cooperative filed a supplemental and amending petition of intervention in the Rogers suit on April 13, 1988, seeking recovery of the amounts it had paid to Bo-urque. The supplemental and amending petition alleged that Royal Insurance Corn- *265 pany had settled the Bourque claim without the intervenor’s permission.
Royal Insurance Company filed exceptions to the employer’s supplemental and amending intervention. The exceptions were prescription, no cause of action, and improper cumulation of actions. The trial court maintained all exceptions and dismissed the supplemental and amending intervention. The trial court reconsidered its judgment following the employer’s motion for a new trial, but affirmed its previous holding, in the words:
The amended claim for intervention does not arise out of the same conduct, transaction, or occurrence set forth in the original pleading.
PRESCRIPTION
The Cooperative claims that the trial court erred in sustaining the exception of prescription. It argues that its supplemental and amending petition of intervention in the Rogers suit to include compensation benefits paid to Bourque related back to the filing of its original petition of intervention.
La.C.C.P. art. 1153 states:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
It is well established that Article 1153 permits amendment despite technical prescriptive bars where the original pleading gives fair notice of the original fact situation out of which the amended claim arises. Gunter v. Planche, 439 So.2d 437 (La.1983). Amendments have been allowed to relate back under Article 1153 to add new plaintiffs, add new defendants, state a different cause of action, and change the relief prayed for. Bertrand v. St. Paul Fire & Marine Ins. Co., 491 So.2d 474 (La.App. 3rd Cir.1986), writ denied 494 So.2d 541, 543 (La.1986). Article 1153 is to be interpreted liberally. Id.
In his written reasons for judgment the trial judge sustained all of Royal’s exceptions believing that the Cooperative’s claim for reimbursement for worker’s compensation benefits paid to Bourque did not arise out of the same conduct, transaction, or occurrence set forth in the original petition. The original petition of intervention in the Rogers suit stated that the Cooperative’s claim for reimbursement of benefits paid on behalf of Rogers arose out of an accident that occurred on October 2, 1985, when Rogers was struck and killed by a truck driven by Green and owned by Louisiana Oil & Tire Co. The Cooperative’s supplemental and amending intervention claimed that it paid benefits to Bourque for injuries resulting from the same accident that killed Rogers. Its claim for reimbursement arose out of the same occurrence on which the claim in the original petition of intervention was based.
The Louisiana Supreme Court provided an explanation of how this article and prescription interact in Giroir v. South La. Medical Ctr., Etc., 475 So.2d 1040 (La. 1985). The court stated at page 1045:
The fundamental purpose of prescription statutes is only to afford a defendant economic and psychological security if no claim is made timely, and to protect him from stale claims and from the loss of non-preservation of relevant proof. They are designed to protect him against lack of notification of a formal claim within the prescriptive period, not against pleading mistakes that his opponent makes in filing the formal claim within the period.
(Citations omitted)
In the present case Royal had notice of Bourque’s injury because Royal had already entered into a settlement with him prior to the filing of the supplemental and amending petition. Royal also knew, before its settlement with Bourque, of the Cooperative’s claim for reimbursement for worker’s compensation benefits paid on behalf of Rogers, for the same accident, yet Royal risked settlement without the assent of the Cooperative. Based on these facts, it is not unfair to Royal to allow the supple *266 mental and amending petition to relate back to the date of the filing of the original petition of intervention. Royal’s exception of prescription should have been overruled.
NO CAUSE OF ACTION
La.R.S. 23:1101 grants to an employee entitled to worker’s compensation benefits, a cause of action to also claim damages against a third person tortfeasor. Subsection B of the statute confers a similar right to the employer to recover from a third party compensation benefits paid or obligated to be paid:
Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit against such third person to recover any amount which he has paid or become obligated to pay as compensation to such employee or his dependents.
La.R.S. 1103(A)(2) provides:
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
In the present case the Cooperative’s supplemental and amending intervention against the third party tortfeasor’s insurer, Royal Insurance Co., alleged that it had paid compensation benefits to Bourque, that it had not assented to Bourque’s settlement, and that it was entitled to recovery of what it had paid. Its supplemental and amending intervention stated a cause of action.
IMPROPER CUMULATION OF ACTIONS
La.C.C.P. art. 462 states:
A plaintiff may cumulate against the same defendant two or more actions even though based on different grounds, if:
(1) Each of the actions cumulated is within the jurisdiction of the court and is brought in the proper venue; and
(2) All of the actions cumulated are mutually consistent and employ the same form of procedure.
Except as otherwise provided in Article 3657, inconsistent or mutually exclusive actions may be cumulated in the same judicial demand if pleaded in the alternative.
The cumulated actions for reimbursement by the Cooperative for worker’s compensation benefits paid on behalf of Rogers and Bourque, which arose out of the same accident, satisfies the requirements of this article in that venue and jurisdiction were proper. The actions were mutually consistent, and they were each an ordinary action, thus employing the same form of procedure.
Royal’s exception of improper cumulation of actions was without merit.
Accordingly, the judgment of the trial court is reversed, the exceptions of prescription, no cause of action, and improper cumulation of actions are overruled, and the matter is remanded for further proceedings.
Costs of this appeal are taxed against Royal Insurance Company.
REVERSED AND REMANDED.