hYELVERTON, Judge.
This claim arises from an automobile accident that occurred on September 6, 1995. Dorothy Hudnall was driving a vehicle that was involved in a collision with a vehicle driven by Elizabeth Volk. Hudnall filed suit against Volk and her insurer, Allstate Insurance Company, on January 11, 1996. Her husband filed a loss of consortium claim at the same time. On January 21, 1997, Hud-nall and her husband filed an amending and supplemental petition for personal injury damages sustained by their minor child, Joshua Hudnall, who was a passenger in the vehicle. |2Volk and Allstate filed the peremptory exception of prescription arguing that the claims of Joshua had prescribed. After a hearing, the trial court sustained the exception of prescription and dismissed Joshua’s claims. The Hudnalls appeal. We reverse.
The much-cited case of Giroir v. South La. Medical Ctr., Etc., 475 So.2d 1040 (La.1985), is dispositive of the prescription plea. Joshua’s claim relates back to the date of the filing of the original petition. The trial court would not allow the amending petition to relate back because there were no facts in the original petition alleging injury to Joshua.
*910 Giroir allowed an amended petition which added children as new plaintiffs in wrongful death and survival actions after prescription had run to relate back to the date of the timely-filed original petition. The supreme court set forth the following criteria for determining when an amendment adding or substituting a new plaintiff can relate back to the date of the filing of the original petition:
(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense.
Id., at 1044.
The first criterion is met because the alleged injuries of Joshua arose out of the same accident that is the basis for the original petition. The second criterion is met because there is evidence in the record that Volk and Allstate knew Joshua was in the car at the time of the accident. The accident report and a doctor’s report indicate 1¡¡that he was in the car. When Dorothy was deposed she was asked several questions about Joshua’s involvement in the accident. The third criterion is easily met because Joshua is the original plaintiffs’ son.
It is the fourth criterion that Volk and Allstate argue: they claim that they would be prejudiced by the addition of Joshua as a plaintiff at this late date. They claim the prejudice arises because Joshua was a new claimant with separate injuries and a separate cause of action that they knew nothing about.
Defendants argue that there exists a rule in this circuit that if a new or separate cause of action is asserted by the late-filing claimant, Giroir does not apply, citing Poirier v. Browning Ferris Industries, 517 So.2d 998 (La.App. 3 Cir.), writ denied, 519 So.2d 105 (La.1987). It is true that Poirier stated that the late claim was a separate cause of action, but that was not the basis for its holding that the prescription facts did not meet the Giroir test. The defendants in Poirier were not even aware that the late-suing wife existed, much less that she had a claim, and her suit was not filed until almost a year after the original claim. We said in Poirier that “[t]he Giroir test must be administered on a case-by-case basis.” Id., at 999.
In the present case we do not see how the defendants would be prejudiced. They have always had the opportunity to investigate any claim that Joshua may have. As a matter of fact they did so in Dorothy’s deposition. Also, the amended petition was filed only four and one-half months past the one-year prescriptive period.
We find that the amended petition meets the criteria of Giroir and relates back to the date of the filing of the original petition. The trial court erred in maintaining defendants’ exception of prescription. This case is remanded for further Uproceedings. Costs of this appeal are assessed to Allstate Insurance Company and Elizabeth Volk.
REVERSED AND REMANDED.