RDECUIR, Judge.
In this workers’ compensation suit, Denis Smith appeals the grant of an exception of prescription filed by Arcadian Corporation. For the reasons that follow, we affirm.
FACTS
On July 28, 1992, there was a massive explosion at the Arcadian Corporation Plant in Calcasieu Parish, Louisiana. At the time of the explosion, Smith worked for Arcadian and was present at the plant. As a result of the explosion, Smith was blown out of his chair. He was treated by the company physician, Charles Fellows, for a couple of days and released.
On July 28, 1993, Denis Smith and other members of the Lake Charles Trade Metals Council and International Union of Operating Engineers filed a class action suit against Arcadian in district court. The suit was subsequently removed to federal court. The plaintiffs sought damages resulting from the explosion and subsequent closure of the plant. No physical injuries were alleged in the suit; instead, the plaintiffs sought damages for loss of career opportunities, wages, benefits, punitive damages, and damages for emotional pain and suffering caused by the plant closure.
Since the Calcasieu plant did not reopen, Smith took a job at Arcadian’s Gesimar plant in 1995. In May of 1996, Smith began to have back pain while carrying out his duties at the plant. He sought treatment from a chiropractor. On November 4, 1996, Smith filed a claim for workers’ compensation benefits alleging that he was injured in the 1992 explosion.
Arcadian filed an exception of prescription. The exception was originally denied because the workers’ compensation judge believed the class action suit in | ¡¡federal court interrupted prescription on Smith’s compensation claim. The workers’ compensation judge noted that she was not convinced that the federal suit raised separate issues from the compensation claim.
Subsequently, the U.S. Court of Appeals, Fifth Circuit, held that the federal suit was not one seeking damages from the explosion, but rather one for contract damages arising out of the plant closure. Accordingly, Arcadian reurged its exception *882 of prescription. In light of the Fifth Circuit’s opinion, the workers’ compensation judge granted the exception of prescription finding that the prior suit raised separate facts than those addressed in the compensation claim. Smith lodged this appeal.
LAW AND DISCUSSION
Smith contends that the workers’ compensation judge erred in granting the exception of prescription because the federal class action suit interrupted prescription. We disagree.
La.R.S. 23:1209 bars a claim for injury unless a formal claim is filed with the Office of Workers’ Compensation within one year of the accident. If the injury does not develop immediately after the accident, a claim is barred if proceedings have not begun within two years of the date of the accident. Id. Liberative prescription statutes are intended to protect defendants from prejudice in preparing and conducting defenses and are, therefore, strictly construed. Giroir v. South La. Medical Ctr., etc., 475 So.2d 1040 (La.1985).
However, when a petition notifies a defendant that legal demands are made for a particular occurrence, prescription is interrupted. Nini v. Sanford Brothers, Inc., 276 So.2d 262 (La.1973). Accordingly, La. Code Civ.P. art. 891 requires that a petition must state the material facts of the occurrence that is the subject matter of the litigation. Parker v. Southern American Ins., Co., 590 So.2d 55 (La.1991).
LThe question before us is whether the petition filed in the federal class action suit was sufficient to put Arcadian on notice of its exposure to a workers’ compensation claim and thereby interrupt prescription. After reviewing the petition, we find that it was insufficient.
The petition alleges that the explosion occurred and resulted' in the closure of the plant and that the explosion and closure resulted from the negligence of Arcadian. The petition was filed on behalf of all the employees of Arcadian’s Calcasieu plant, most of which were not present at the time of the explosion. The damages sought in the petition were for lost wages, benefits, career opportunity, and emotional pain and suffering as a result of the plant closure. Absolutely no allegations of physical injury, either general or specific, are contained in the petition. We believe that such a factual allegation is essential to put the defendant on notice of a workers’ compensation claim. An explosion without an injury does not give rise to a workers’ compensation claim.
Accordingly, because the original petition failed to state the material facts of the occurrence giving rise to the compensation claim, it did not interrupt prescription. The workers’ compensation judge properly granted the exception of prescription in favor of Arcadian.
CONCLUSION
For the foregoing reasons, the judgment of the workers’ compensation judge is affirmed. All costs of this appeal are taxed to appellant, Denis Smith.
AFFIRMED.