561 So.2d 951 (1990)
George A. FARBER, M.D., et al.
v.
UNITED STATES FIDELITY & GUARANTY INSURANCE COMPANY, et al.
Nos. 89-CA-1652, 89-CA-2109.
Court of Appeal of Louisiana, Fourth Circuit.
May 15, 1990.
Jeffrey C. Collins, Windhorst, Gaudry, Talley & Ranson, Harvey, for plaintiffs/appellants.
Gus A. Fritchie, III, Montgomery, Barnett, Brown, Read, Hammond & Mintz, New Orleans, for defendants/appellees.
Michael E. Holoway and Jack E. Truitt, Holoway, McQuaig, Solomon & Dyer, Metairie, for defendants/appellees, Boston Old Colony Ins. Co.
Before SCHOTT, C.J., and BARRY and LOBRANO, JJ.
SCHOTT, Chief Judge.
This suit was originally filed on January 14, 1988, by Dr. and Mrs. George A. Farber for damages resulting from an automobile accident which occurred on January 14, 1987. Included among Dr. Farber's damages was a claim for lost income. On June 7, 1989, the Farbers amended their claim to add as a plaintiff a professional corporation of which Dr. Farber is the sole stockholder and to assert the corporation's claim for the loss of income previously sought by Dr. Farber. Defendants filed exceptions of prescription to the corporation's claim. The trial court sustained these exceptions dismissing the claim of the corporation and all plaintiffs have appealed. The issue is whether the amendment of the petition after the prescription date to add the professional corporation as a plaintiff relates back to the timely filing of the original petition by Dr. Farber.
In Giroir v. South La. Medical Ctr., etc., 475 So.2d 1040 (La.1985) the court considered the same issue with respect to a timely petition by a father, amended after the prescription date to add his children, in a wrongful death and survival action. The court held that such an amendment would relate back when 1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original petition, 2) the defendant either knew or should have known of the existence and involvement of the new plaintiff, 3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated, and 4) the defendant will not be prejudiced in preparing and conducting his defense.
The first, third and fourth of these criteria are readily applicable to the case before us. Only the second causes us to hesitate to reverse the judgment of the trial court. The only question is whether the defendants knew or should have known of the existence and involvement of the professional corporation.
In any prescription situation when the case has apparently prescribed by reference to the dates of the event sued on and of the filing of the suit, the burden is upon *952 the plaintiff to show why his claim has not prescribed. Hence, it is incumbent upon the professional corporation in this case to show why its tardy claim was not prescribed. In brief, appellants refer to discovery in which defendants became aware of the existence of the corporation, but this did not occur until July, 1988, long after the prescription date. In oral argument plaintiffs spoke of settlement negotiations occurring prior to the filing of the suit in which defendants learned about the corporation's involvement. Unfortunately, there is nothing in the record to support this argument. The record shows only that the suit was filed on the last day before prescription without mention of a corporation which did not surface until long afterward.
We see no reason to consider most of the cases cited and relied upon by appellants because most of them pre-date Giroir and were therefore decided without the benefit of Giroir's list of criteria applicable to this situation. However, one of these cases, Paddock v. Dennies, 532 So.2d 855 (La. App. 4th Cir.1988) deserves mention since it does post-date Giroir and since appellants place such heavy reliance upon it, characterizing it as the law of this circuit on the subject. Unfortunately, it does not support appellants' case because it does not involve the addition of a separate plaintiff to the lawsuit. It was concerned with the original plaintiff attempting to assert an additional claim for damages not included in the original petition.
We could speculate that defendants must have suspected the existence of the professional corporation, and we could adopt the position that the timely assertion of the claim for lost income by Dr. Farber precluded any possible prejudice resulting from the absence of the corporation in the lawsuit; however, we cannot ignore Giroir whose second criterion for the avoidance of prescription as to the professional corporation is lacking.
Accordingly, the judgment is affirmed.
AFFIRMED.