607 So.2d 675 (1992)
Cai Thi NGUYEN
v.
Virginia PAUSINA, wife of/and Stanley Pausina, Jr., a/k/a Martina & Martina, a/k/a New Orleans Oyster & Seafood Company, Jack Butler, a/k/a Jack Butler Delivery Service, Allstate Insurance Company, J.D. Dillard and ABC Insurance Company.
Jack D. BUTLER
v.
Virginia PAUSINA, wife of/and Stanley Pausina, Jr., a/k/a Martina & Martina, a/k/a New Orleans Oyster & Seafood Company, Allstate Insurance Company, J.D. Dillard and ABC Insurance Company.
Nos. 91-CA-2257, 91-CA-2258.
Court of Appeal of Louisiana, Fourth Circuit.
October 15, 1992.
*677 John J. Hainkel, Jr., Paul M. Melancon, Porteous, Hainkel, Johnson & Sarpy, New Orleans, for appellant Allstate Ins. Co.
Kathleen M. Bilbe, New Orleans, for appellant Cai Thi Nguyen.
Robert H. Matthews, DeRussy, Bezou & Matthews, New Orleans, for appellee Jack D. Butler.
Before LOBRANO, JONES and WALTZER, JJ.
LOBRANO, Judge.
Both plaintiff, Cai Thi Nguyen, and defendant, Allstate Insurance Company, appeal the trial court judgment in favor of Nguyen and Jack Butler, a plaintiff in a consolidated case, and against Allstate. Allstate asks for a reduction of the amount awarded to Butler and reversal of the judgment in favor of Nguyen. Nguyen asks for an increase of the amount awarded to her. We amend and affirm.
On July 16, 1987, at approximately 12:45 p.m., a truck driven by J.D. Dillard and insured by Allstate collided with a truck driven by Jack Butler at the intersection of St. Charles and Napoleon Avenues. The collision caused Butler to lose control of his vehicle which then proceeded onto the nearby neutral ground and ultimately struck An Van Nguyen. At the time of the accident, Nguyen was cutting grass on the neutral ground while in the course and scope of his employment with the City of New Orleans. Nguyen died later that day from injuries suffered in the accident. Butler also received injuries in the accident.
As administratrix of decedent's estate, Cai Thi Nguyen, sister of the decedent, *678 filed these wrongful death and survival claims against Dillard, Butler, Virginia and Stanley Pausina, Jr., owners of the truck driven by Dillard; the Pausinas' business, Martina and Martina a/k/a New Orleans Oyster and Seafood Company, and Allstate Insurance Company. Prior to trial, this plaintiff voluntarily dismissed all defendants except Allstate in its capacity as insurer of the truck driven by Dillard.
Jack Butler filed a petition for his injuries against the Pausinas, Martina and Martina a/k/a New Orleans Oyster and Seafood Company, Allstate, Dillard and Dillard's unnamed insurer. Butler subsequently dismissed the Pausinas from this suit but reserved his rights against the other defendants.
Prior to trial, Allstate admitted liability for the accident and both cases were consolidated.
During the discovery phase of this matter, plaintiff Nguyen stated that her brother, the decedent, had a wife and five children who were still living in Vietnam. As a result, on June 8, 1989, Allstate filed an exception of no right of action against Nguyen claiming that because decedent had a wife and children, his sister was not the proper party to assert his wrongful death and survival claims. On October 3, 1989, plaintiff filed an opposition to this exception attaching two affidavits dated May 1988 and executed by decedent's widow, one on her own behalf and one on behalf of her five children, directing plaintiff Nguyen to file suit as their mandatory. The trial judge granted the exception but, pursuant to LSA-C.C.P. art. 934, gave this plaintiff the opportunity to amend her petition in the event that she would be acting as the agent of the decedent's wife and children rather than in an individual capacity.
On November 3, 1989, plaintiff Nguyen filed an amended petition in which she stated that she was suing as agent for decedent's wife and five children rather than in her capacity as decedent's sister. Allstate then filed an exception of prescription. The trial judge rendered judgment on November 6, 1990 finding that plaintiff Nguyen had no right of action and sustaining Allstate's exception of prescription as to the claims of decedent's widow and children. The court reasoned that the power of attorney by decedent's widow was executed after the tolling of prescription and that a document granting an agent power to sue on behalf of a principal does not relate back to the date of the original petition. The trial judge concluded that, although he correctly ruled earlier that the exception of no right of action against plaintiff Nguyen's suit filed on her own behalf should be granted, it was a mistake for him to have allowed this plaintiff the opportunity to amend her suit to show agency status.
Plaintiff Nguyen then filed a motion for new trial claiming that the trial judge was in error by assuming that the powers of attorney were obtained from decedent's widow after the tolling of prescription when they were actually obtained in May 1988, prior to the tolling of prescription.
The trial judge granted Nguyen's motion and held that the widow's power of attorney authorized Nguyen to amend the suit to assert her agency status. The Court concluded that the amended petition, even though filed more than two years after the accident, met the test of Giroir v. South Louisiana Medical Center, etc., 475 So.2d 1040 (La.1985) and related back to the original filing date. Thus, as to the widow's claim, prescription had not tolled.
However, with respect to the widow's affidavit which purportedly authorized Nguyen to act on behalf of the children, the court noted that at least three of the children were of the age of majority. Because these children had not executed a procuration on their own behalf, the court could not determine if Vietnam law grants a widow the right to act on behalf of her major children. Consequently the issue of prescription as to the children was referred to the trial on the merits.
Shortly before trial, Nguyen produced affidavits allegedly executed by decedent's major children which authorized her to act as their agent. However, because these affidavits were executed only one month *679 before trial and produced after the discovery cut-off dates, the trial judge ruled that they would not be admitted into evidence because defendant would be denied its right to cross-examination. The earlier powers of attorney signed by decedent's widow however were allowed into evidence.
After trial the jury answered special interrogatories finding that the injuries and death of decedent and the injuries of Jack Butler were caused by the accident of July 16, 1987. The jury also found that decedent and his alleged widow, Thi Sot Tran, were married at the time of decedent's death. However, the jury found that none of the five individuals listed as decedent's children were proven to be his children. They awarded $76,487.20 for decedent's conscious pain and suffering before death. They also found that decedent's widow was entitled to receive $23,512.80 for decedent's wrongful death. For Butler's injuries, the jury awarded $250,000.00.
In accordance with those findings, the trial judge rendered judgment sustaining defendant's exception of prescription as to the claims of decedent's three alleged major children and dismissing Nguyen's claims as agent of decedent's two alleged minor children. Allstate's policy covering this accident had a $300,000.00 limit. The parties stipulated that $24,906.61 had already been paid thus leaving $275,093.39 to satisfy the judgment. Because the jury's total award exceeded this amount, the trial judge calculated the percentages of the amount of the jury award to each plaintiff and apportioned the judgment as follows: $78,598.12 to Nguyen and $196,495.27 to Butler.
ALLSTATE'S APPEAL OF THE AWARD TO BUTLER:
Allstate argues that the amount awarded to plaintiff Jack Butler was excessive and should be reduced. We agree.
At the time of the accident, Butler was sixty years old and had a furniture delivery business. Butler regularly moved heavy pieces of furniture, especially antiques, from the time that he started his business in 1979 until the time of the accident. Three of Butler's former customers testified that, prior to the accident, Butler was a strong, healthy, robust man who could skillfully carry large, heavy pieces of furniture. All three of these former customers testified that Butler did not have an abnormal gait prior to the accident. However, they stated that, in the months following the accident, Butler could barely walk and his physical condition deteriorated to the point where he was no longer capable of moving furnishings.
Butler was taken to Baptist Hospital after the accident and was diagnosed with contusions. He returned to the hospital four days later with further complaints of pain. The only physician who testified at trial was Dr. James Williams, an orthopedic surgeon. Dr. Williams examined Mr. Butler on two occasions, once on June 6, 1988 and again on February 15, 1989. According to Dr. Williams, Butler had advanced degenerative arthritis in his neck, back and both hips, a condition which existed long before the July 1987 accident. Butler's attorneys do not dispute this finding.
Dr. Williams found that Butler's pre-existing degenerative arthritis was aggravated by the accident but that any problems related to the accident occurred within the eight months following the accident. After that time period, Dr. Williams felt that any complaints of pain were related to the underlying arthritis and degenerative changes rather than the accident. He also opined that the restriction of motion in Butler's hips, which may cause his abnormal gait, developed slowly over a period of years and had nothing to do with the accident. Dr. Williams also stated that anyone with advanced degenerative arthritis should not engage in heavy physical labor.
In addition to Dr. Williams' testimony, Butler offered the testimony of Bobby Newsom, a chiropractor. Newsom treated Butler initially on August 8, 1988, more than a year after the accident, and has seen him continuously since then on a regular basis. Newsom stated his opinion that Butler's pre-existing degenerative conditions in his hips, back and neck were aggravated by the accident. Newsom also stated that the accident caused a misalignment in *680 Butler's sacroiliac joints near the hipbone and that this condition could be permanent and would require continuing treatment. However, this finding is directly contradicted by the testimony Dr. Williams, who stated that Butler's sacroiliac joints were normal.
Considering all of the testimony regarding Butler's injuries, we are satisfied that the July 1987 accident aggravated his pre-existing degenerative arthritic condition. However, the medical testimony also substantiates that the aggravation of Butler's degenerative condition attributable to the accident lasted for a maximum period of eight months.
Accordingly, we find the jury award of $250,000.00 to Butler to be excessive and an abuse of discretion. We lower the award to $175,000.00 which we believe is the highest amount which can reasonably be awarded for Butler's injuries. Reck v. Stevens, 373 So.2d 498 (La.1979).
ALLSTATE'S APPEAL OF THE AWARD TO NGUYEN:
Allstate argues that the trial court improperly awarded damages to Cai Thi Nguyen as agent for decedent's widow, Thi Sot Tran, because her claims had prescribed. We disagree.
In Giroir v. South Louisiana Medical Center, etc., supra, our Supreme Court held that an amendment which added or substituted a plaintiff would relate back to the date of the original filing if:
(1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading;
(2) the defendant either knew or should have known of the existence and involvement of the new plaintiff;
(3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;
(4) the defendant will not be prejudiced in preparing and conducting his defense.
The amended claim asserting Nguyen's agency status arises out of the same occurrence set forth in the original petition. The defendant knew of the existence of the new plaintiff, decedent's widow, as of March 15, 1988 before prescription tolled when Nguyen revealed in her deposition that decedent had a wife and children living in Vietnam. The old and new plaintiffs are sufficiently related in that they are the sister and widow of the decedent. Finally, the defendant was not prejudiced in preparing its defense because it knew of the existence of decedent's widow well within the prescriptive period and more than three years before trial.
Because all four factors of the Giroir test have been met, we find that the trial judge correctly allowed Nguyen's amended petition to relate back to the date of the filing of the original petition. Prescription did not toll.
Finally, Allstate claims that the trial court erred in admitting into evidence the 1988 powers of attorney allegedly executed by decedent's widow on her own behalf and on behalf of her children authorizing Nguyen to act as their agent. However, only the affidavit executed on the widow's behalf is at issue because for reasons given, infra, we conclude that the jury was not clearly wrong in finding that there was insufficient proof to show that the five individuals were in fact decedent's children.
The power of attorney granting agency status to Nguyen was executed by decedent's widow in May 1988 in Vietnam and in the Vietnamese language. Counsel for defendant objected to the introduction of this document at trial claiming that it had not been properly authenticated and constituted inadmissible hearsay.
Code of Evidence article 901 A provides:
"The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims."
In this case, the power of attorney executed by decedent's widow bears the seal of the Vice Chairman of the Peoples Committee of the ward and district in Vietnam where decedent's widow lives. The Vietnamese Ambassador to the United Nations *681 reviewed this document and certified in writing that the seal on the power of attorney is authentic and that this document is legally valid under the laws of Vietnam. Although there is no testimony concerning the document's authenticity, there is a sufficient documentary foundation to allow its admissibility.
Furthermore, although we admit the document is hearsay, it is admissible under an exception to the hearsay rule defined in LSA-C.E. art. 804 B as follows:
"The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
... (6) Other exceptions. In a civil case, a statement not specifically covered by any of the foregoing exceptions if the court determines that considering all pertinent circumstances in the particular case the statement is trustworthy, and the proponent of the evidence has adduced or made a reasonable effort to adduce all other admissible evidence to establish that fact to which the proffered statement relates and the proponent of the statement makes known in writing to the adverse party and to the court his intention to offer the statement and the particulars of it, including the name and address of the declarant, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it ..."
The unavailability[1] of the declarant is established by the fact that she resides in Vietnam. The record shows that defendant was aware of the power of attorney authorizing plaintiff Nguyen to act as the agent of decedent's widow at least as early as October, 1989, more than one and one-half years before trial. This affidavit contained the declarant's name and address and a copy was served on the defendant sufficiently in advance of trial to give defendant a fair opportunity to cross-examine this evidence if it so desired.
In view of the unique circumstances in this case, we are satisfied that the 1988 power of attorney offered by plaintiff to establish the agency relationship satisfies the requirements of Article 804(B)(6) and was properly admitted into evidence. Furthermore, it was within the jury's discretion to weigh this evidence along with all other evidence in determining the status of the declarant, i.e. her marital status with decedent. We therefore find no error in admitting the 1988 affidavits.
NGUYEN'S APPEAL
Nguyen raises several assignments of error in her appeal. She first argues that the award to her as agent for decedent's widow and children was inadequate. It should first be noted that no award was made to her as agent for decedent's children because the jury found that the evidence did not establish that the five individuals claiming to be decedent's children were in fact his children. This finding is challenged by plaintiff in her fifth assignment of error which we discuss, infra.
The jury awarded decedent's widow $23,512.80 for decedent's wrongful death and $76,487.20 for decedent's pain and suffering for a total of $100,000.00. This amount was proportionately reduced to $78,598.12 because of Allstate's $300,000.00 policy limits. We discuss each aspect of the damage award.
With respect to the survival action, the evidence established that decedent was struck by Butler's truck after trying to avoid being hit and was trapped underneath the truck when the emergency units arrived. Officer Juan Curet of the New Orleans Police Department arrived at the scene within minutes of the accident and testified that Mr. Nguyen was moaning and was either conscious or semi-conscious. Don Birou, the emergency medical technician who transported Mr. Nguyen to the emergency room, testified that, at the accident scene, the decedent was unresponsive except to painful stimuli. However, he also stated that decedent made moaning sounds and had a very low level of consciousness. Additionally, two witnesses testified that decedent was conscious after he was hit.
*682 Decedent was transported to Baptist Hospital emergency room where he was treated by Dr. Sarah Parks. Dr. Parks testified that the decedent was conscious when he arrived at the hospital and was speaking; however, she could not understand what he was saying. Decedent's injuries included multiple cuts and abrasions on his face, bleeding from his left ear, bruises, contusions on his chest and back, rib fractures, crushed sternum, abrasions on his arms, hands and knees, a broken right leg and a fractured pelvis.
Dr. Parks stated that resuscitative measures were taken but because decedent's blood pressure could not be stabilized, the decision was made to perform surgery. An abdominal exploration was performed but did not show anything to repair. Decedent received twelve units of blood and electrical stimulus was used on his heart. These measures were unsuccessful. Decedent's blood pressure continued to drop and he died at 5:21 p.m., approximately four and one-half hours after the accident.
Because decedent's blood pressure was extremely low when he arrived at the hospital, he was not able to receive any pain medication for several hours. For the exploratory surgery, decedent was given a sedative shortly before 4:00 p.m. and the surgery was performed without general anesthesia. Dr. Parks stated that decedent remained responsive until sedated in the operating room.
We find the jury award of $76,487.20 for decedent's 4½ hours of suffering is supported by the evidence. The jury did not abuse its discretion and we affirm that award.
With respect to plaintiff's claim for decedent's wrongful death, the jury found the evidence established that Thi Sot Tran was the wife of the decedent at the time of his death. This finding also is supported by the record. Decedent's sister, cousin and roommate each testified that decedent came to the United States from Vietnam in 1975 with his sister and her family. According to these witnesses, the decedent spoke often of his hopes of being reunited with his wife and family in this country. However, no evidence was presented by these or any other witnesses to establish any contact between decedent and his wife from the time of decedent's arrival in this country in 1975 until his death in 1987. Under these circumstances we cannot say the jury abused its discretion in awarding $23,512.80 for decedent's wrongful death.
Nguyen next argues that the trial court erred in concluding that she agreed to a stipulation that Allstate had already paid $24,906.61 out of its policy covering this accident. The record reveals that when Allstate offered this stipulation, plaintiff's counsel did not raise an objection. The trial judge noted this fact when plaintiff's counsel raised the issue of the stipulation after trial. The trial judge found that all parties understood the stipulation when it was made and are bound by it.
Contrary to plaintiff's assertion, the stipulation made by Allstate was not that it had paid $24,906.61 to Nguyen, but only that it had paid this amount for claims arising from this accident. Although plaintiff's counsel mistakenly assumed that this amount had been paid to her client, the stipulation to which she did not object did not specify the recipient of these funds.
Because plaintiff's counsel did not object to the stipulation when it was offered, we will not consider her argument on appeal.
Nguyen next argues that the trial court erred in not allowing into evidence powers of attorney executed one month before trial by the five alleged children of decedent appointing her as their agent and by decedent's widow detailing her damages. The trial judge ruled these documents would not be allowed into evidence because they were submitted after the discovery deadlines thereby depriving defense counsel an adequate opportunity to prepare to rebut them. We find no manifest error in this ruling. Regardless of whether or not the documents were properly authenticated, the introduction of these documents at trial would have been prejudicial to the defendant because the right of cross-examination would have been denied due to the *683 very short amount of time between their production and the trial.
Plaintiff argues in her fourth assignment that the trial court erred in failing to cure a statement at trial by defense counsel, in the presence of the jury, regarding a worker's compensation payment which had allegedly been made for decedent's medical bills. The record shows that, immediately after this statement by defense counsel, the trial judge instructed the jury to disregard the statement. Furthermore, in his jury charges, the trial judge included a charge in which he stated, among other things, that the jury was not to consider whether any worker's compensation benefits were paid.
The admonishment following defense counsel's statement about worker's compensation benefits and the Court's posttrial jury instruction cured the objectionable statement by defense counsel. This assignment of error is without merit.
In the fifth assignment of error, plaintiff contends that the jury abused its discretion in finding that none of the individuals claiming to be decedent's children were his children. Decedent's roommate, who lived with decedent for one year prior to decedent's death, testified that decedent mentioned having five children. However, this witness never saw any pictures of these children, did not know their names or ages, and had no personal knowledge that they actually existed. Decedent's sister stated that she knew only three of the children's names. Decedent's cousin testified that decedent claimed to have five children but this witness had no personal knowledge that decedent had children. Plaintiff presented no evidence of any correspondence between decedent and his wife and children in Vietnam. No testimony was offered as to the dates of birth of the children.
The 1988 affidavit executed by decedent's wife which purportedly gave Nguyen authority to sue on their behalf is the only real probative evidence of the existence of decedent's children. The jury was free to accept or reject those statements. In view of the lack of other probative evidence, we cannot say the jury's conclusion was manifestly wrong.
Plaintiff argues in her sixth assignment of error that the trial court erred in holding that the action had prescribed as to the alleged major children of decedent. Because we find no manifest error in the jury's conclusion that the evidence did not establish that the decedent was the father of the five individuals claiming to be his children, we need not address any arguments regarding prescription of the alleged children's claims.
In the seventh assignment of error, plaintiff argues that the trial court erred in giving allegedly inappropriate jury instructions and overly complicated jury interrogatories. A trial judge is not required to give the precise jury instructions submitted by the parties, as long as the instructions reflect the applicable law. Forstall v. Daigrepont, 551 So.2d 653 (La.App. 4th Cir.1989); writ denied, 556 So.2d 1279 (La. 1990). A review of the jury charges reveals that they properly reflected the applicable law in this case. The jury interrogatories were clear and focused on the questions to be decided by the jury without being repetitious. This assignment lacks merit.
In the remaining six assignments of error, the plaintiff challenges evidentiary rulings made by the trial judge. Assignment of error eight deals with whether the trial court erred in not allowing Hien Nguyen, decedent's cousin and a life insurance salesperson, to testify as to the habits concerning sales of life insurance to foreigners whose spouses are inaccessible. Plaintiff alleges that this testimony would have explained why decedent had listed his marital status as single on his employer's personnel records and why he listed local people who were not members of his family as beneficiaries of his life insurance policy. According to plaintiff, these actions were not unusual for foreigners with inaccessible spouses. Plaintiff claims that the exclusion of this evidence resulted in the jury's finding that the five alleged children *684 of decedent were not proven to be his children.
We find no abuse of discretion by the trial judge in disallowing this testimony. There is no evidence to support the qualifications of this witness to testify as to decedent's thought process in selecting life insurance beneficiaries.
In the ninth assignment of error, the plaintiff alleges that the trial court erred in not allowing Officer Juan Curet, who investigated this accident, to testify as an expert in accident reporting. According to plaintiff, the officer should have been allowed to state the results of his investigation which would allegedly provide further evidence as to decedent's pain and suffering caused by the accident.
Because the defendant admitted liability for this accident, there was no need for any expert testimony on how it happened. The trial judge's decision not to allow this witness to be qualified as an expert in accident reporting was well within his discretion.
Plaintiff argues in her tenth assignment of error that the trial court erred in not allowing Dr. Sarah Parks, the emergency room physician who treated decedent, to testify as to decedent's awareness of his impending death. When plaintiff attempted to elicit Dr. Parks' opinion on this issue, the defendant objected that this was inadmissible hearsay and the trial judge sustained the objection. We find no error in this ruling.
In her eleventh assignment of error, the plaintiff argues that the trial court erred in not allowing the pathologist who performed the decedent's autopsy to testify as to the history provided to him by the investigator of the accident. The trial judge cited Code of Evidence Article 403 and disallowed this testimony stating that it would be a waste of time because it would be repetitious to the testimony already given by Dr. Parks. The trial judge restricted the pathologist's testimony to a conclusion and explanation as to cause of death in accordance with Articles 704 and 705 A. Because this ruling was within the trial judge's discretion, we find no manifest error.
In assignment of error twelve, the plaintiff contends that the trial court erred in allegedly allowing defense counsel to cross-examine a witness as to the content of certain documents admitted into evidence but disallowing direct examination of this witness by plaintiff's counsel on the same issue.
The documents in question were the 1988 powers of attorney executed by decedent's widow on her behalf and on behalf of her children authorizing plaintiff to act as their agent in this lawsuit. The record shows that defense counsel did not ask the witness, Hien Nguyen, any questions regarding the content of these documents; rather, the questions by defense counsel were limited to this witness' knowledge, or lack thereof, of the origination of these documents and of her knowledge about decedent's family. Plaintiff's counsel was allowed to ask questions regarding identification of the documents as being those received by plaintiff and read to her by this witness, but was restricted by the trial judge from questioning this witness about the content of these documents, an issue which was not covered in defendant's subsequent cross-examination. The trial judge's ruling on the scope of the examination of this witness was within his discretion. We find no manifest error.
In plaintiff's final assignment of error, she argues that the trial court erred in excluding from evidence some of the photographs of the accident. That decision by the trial judge was within his discretion and not erroneous.
DECREE
For the reasons assigned, we reduce the jury award to Butler from $250,000.00 to $175,000.00. We affirm the jury award of $76,487.20 for the survival claim and $23,512.80 for the wrongful death claim. Even though Allstate had previously paid $24,906.61 of its $300,000.00 policy, its remaining policy limits are sufficient to satisfy the entirety of the jury award, plus interest and costs.
*685 AMENDED, AND AS AMENDED, AFFIRMED.
NOTES
[1] Code of Evidence Article 804(A) defines the term "unavailable as a witness."