JiCIACCIO, Judge.
On the application of relator, Ralph Lir-ette, we grant certiorari to consider whether the trial court erred in maintaining defendants’ exception of prescription.
Relator’s wife, Nellie Lirette, died on July 2, 1990. On April 1, 1991, relator filed a claim with the Louisiana Commissioner of Insurance, alleging medical malpractice against Ochsner Clinic and Dr. 0. Thomas Feagin. Following a unfavorable decision from the medical review panel, relator timely filed suit for the wrongful death of his wife on December 29, 1992. On February 17, 1995, plaintiff filed a First Supplemental and Amending Petition naming Ms four children, Ralph Lirette, III, Elizabeth Lirette Gau-treaux, Robert Lirette and CyntMa Lirette Roy, as party plaintiffs. Defendants, Ochs-ner Clinic and Dr. 0. Thomas Feagin, filed an exception of prescription as to the children’s claims. After the trial court maintained defendants’ exception, relator filed Ms application for writs seeking review of the trial court’s ruling.
The issue before us is whether an amended petition, adding children as new plaintiffs in a wrongful death action based on the death of their mother after prescription had run, relates back to the date of the filing of their father’s timely filed original petition.
In Giroir v. South La. Medical Center, 475 So.2d 1040 (La.1985), the Supreme Court held that an amendment adding or substituting a plaintiff should be allowed to relate back if (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement | gof the new plaintiff; (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; (4) the defendant will not be prejudiced in preparing and conducting his defense. 475 So.2d at 1044.
In the instant case, the children’s wrongful death claims added by amendment clearly stem from the same conduct, transaction, or occurrence set forth in the original pleading. *1197 Furthermore, the defendants acknowledge that they knew of the existence of the decedent’s children. As in Giroir, the added children are not wholly new or unrelated to their father with respect to actions based on the alleged wrongful death of their mother and the addition of them as plaintiffs does not change the basic underlying claim. Finally, the defendants will not be prejudiced by the amendment in preparing and conducting their defense, not only because the added actions arose from the same conduct alleged in the original pleading and because they knew of the existence of the children, but also because they will be defending the exact same allegations as alleged by the original plaintiff. Because the children’s claims fulfill the criteria set forth in Giroir, we find their claims relate back to the date of the original petition.
Accordingly, for the above reasons, the judgment of the trial court rendered on July 31, 1995, in favor of defendants, Dr. 0. Thomas Feagin and Ochsner Clinic, maintaining defendants’ exception of prescription and dismissing plaintiffs First Supplemental and Amending Petition, is reversed. The case is remanded to the trial court for further proceedings.

REVERSED AND REMANDED.