768 So.2d 251 (2000)
Jacqueline DELMORE and Tammy Christy
v.
Curtis HEBERT and/or Virginia Cunningham and their Liability Insurer, State Farm Insurance Company and Yolanda Lawson, and her Liability Insurer, U.S. Agencies Casualty Co., Inc.
No. 99 CA 2061.
Court of Appeal of Louisiana, First Circuit.
September 22, 2000.
*252 Otha Curtis Nelson, Sr., Baton Rouge, for Plaintiff/Appellant, Jacqueline Delmore and Tammy Christy.
Thomas E. Gibbs, Baton Rouge, for Defendant/Appellee, U.S. Agencies Casualty Insurance Company, Inc.
Richard Thomas, Baton Rouge, for Defendant/Appellee, State Farm Mutual Automobile Insurance Company.
Before: WHIPPLE and FOGG, JJ. and BECNEL, J. Pro Tem.[1]
BECNEL, Judge Pro Tem.
In this action for damages, plaintiffs-appellants Jacqueline Delmore and Tammy Christy appeal from a judgment granting an exception of prescription in favor of defendant-appellee State Farm Insurance Company (State Farm), which dismissed the claims of plaintiffs' amended petition. For the following reasons, we affirm.

PROCEDURAL HISTORY
On November 17, 1998, Jacqueline Delmore filed suit against several defendants for damages arising from an accident which occurred January 3, 1998, in which she was a passenger in an automobile owned and operated by Yolanda Lawson. Defendant State Farm filed an answer and jury request on December 21, 1998. On January 26, 1999, a first supplemental and amending petition was filed, adding Tammy Christy, another guest passenger, as a plaintiff, to which State Farm excepted on grounds of prescription and no right of action. The trial court ruled in favor of defendant State Farm, and it is from this judgment that plaintiff appeals. The only issue before the court is whether Ms. Christy's claim prescribed.

DISCUSSION
An exception of prescription is a peremptory exception, which a defendant may raise at any time, including on appeal or after the close of evidence, but prior to its submission after trial. LSA-C.C.P. arts. 927 and 928(B). LSA-C.C.P. art. 929 provides when a peremptory exception is pled prior to trial, the exception is tried and disposed of in advance of or on the trial of the case. LSA-C.C.P. art. 931 allows the introduction of evidence at the trial of all peremptory exceptions, except the objection of no cause of action. The trial court is not bound to accept as true the allegations of plaintiff's petition in its trial of the peremptory exception. Bowers *253 v. Orleans Parish School Bd., 95-2530, p. 7 (La.App. 4 Cir. 5/29/96), 694 So.2d 967, 972. When evidence is introduced and evaluated at the trial of a peremptory exception, an appellate court must review the entire record to determine whether the trial court manifestly erred with its factual conclusions. Id.
The issue presented is whether plaintiff meets all of the necessary factors enunciated in Giroir v. South Louisiana Medical Center, 475 So.2d 1040, 1044 (La. 1985), particularly the third factor, which requires that the new plaintiff and the original plaintiff be sufficiently related so that the added plaintiff is not wholly new or unrelated. More specifically, does the amended petition adding a new plaintiff, who was a guest passenger in an automobile accident which is the subject of the lawsuit filed by another guest passenger, relate back to the original petition for prescriptive purposes?
LSA-C.C.P. art. 1153 provides that:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
The scope of this article has been jurisprudentially expanded to include late-added parties. In Ray v. Alexandria Mall, 434 So.2d 1083 (La.1983), the court looked beyond the plain language of this article, recognizing that Article 1153 was based on Rule 15(C) of the Federal Rules of Civil Procedure. After conducting an exhaustive survey of federal jurisprudence which dealt with "relating back" issues, the court established the criteria to be met under Article 1153 in order for the addition or substitution of a defendant to relate back to the original filing date of the petition. Ray, 434 So.2d at 1086-1087.
Then, in Giroir, the court was faced with the converse situation where the plaintiff wished to add a new plaintiff. Following an analysis similar to that of Ray, the court concluded that "the same criteria established by Ray v. Alexandria Mall should be applied to determine whether an amended petition adding a plaintiff relates back." Giroir, 475 So.2d at 1044. Thus, the court held that an amendment which adds or substitutes a plaintiff should be allowed to relate back if:
(1) [T]he amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading;
(2) [T]he defendant either knew or should have known of the existence and involvement of the new plaintiff;
(3) [T]he new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;
(4) [T]he defendant will not be prejudiced in preparing and conducting his defense.

Giroir, 475 So.2d at 1044.
The jurisprudence supporting Ray and Giroir is unequivocal in requiring that all four elements be met. In the case sub judice, this court is satisfied that three of the Giroir factors (1), (2) and (4) are met, and they are not seriously disputed by State Farm. This claim clearly arises out of the same occurrence set forth in the original pleading; the defendant knew (or should have known) of the other guest passenger via the police report, ensuing investigation and discovery; and because the proceedings are in the early stages there is no prejudice to defendant. However, it is the scope of the third Giroir factor that is at issue. Specifically, are the two guest-passenger plaintiffs sufficiently related so that the added guest-passenger plaintiff is not wholly new or unrelated? Plaintiff argues that she meets the third Giroir factor because she and the original plaintiff were both guest passengers in the same automobile accident and they are related by blood, aunt and niece. In order to determine Ms. Christy's eligibility under *254 Giroir, it is helpful to review pertinent jurisprudence.
In Giroir, after Mrs. Giroir died from medical complications, Mr. Giroir filed a wrongful death and survival action individually and as her administrator, respectively. Then, one year and three days after Mrs. Giroir's death, Mr. Giroir amended his petition adding his two major children in both actions, and changing his capacity in the survival action from administrator to an individual. In reference to Mr. Giroir, the court had little difficulty in permitting his amendment because in his case both the original and added plaintiffs were the same, the change being in capacity alone. In considering whether the children, as new plaintiffs, were "sufficiently related" so as not to be "wholly new and unrelated" the court recognized the "close, familial and legal relationship" of the new plaintiffs vis-à-vis the decedent. Giroir, 475 So.2d at 1045.
Similarly, Nguyen v. Pausina, 607 So.2d 675 (La.App. 4th Cir.1992), addressed the new plaintiff who filed on behalf of a wife and children. Ms. Nguyen, sister of the decedent Mr. Nguyen, was the original plaintiff who filed wrongful death and survival claims as administratrix of the decedent's estate. During discovery it was learned that the decedent had a wife and children in Vietnam. When defendants' exception of no right of action for the survival claim was granted, Ms. Nguyen filed an amended petition as agent on behalf of decedent's wife and children. Therefore, Ms. Nguyen was the same plaintiff, in an additional capacity, and that new capacity was on behalf of the wife and children of decedent. The amendment was allowed to relate back with a specific finding that all of the Giroir criteria had been met.
Following Giroir, several cases addressed loss of consortium claims by a plaintiff's spouse. Notably, Raziano v. Lincoln Property Co., 520 So.2d 1213, 1217 (La.App. 5th Cir.1988), held that the spouse met all of the Giroir requirements despite the fact that such a claim might be viewed as a separate cause of action. See also Lirette v. Feagin, 95-1997 (La.App. 4 Cir. 1/19/96), 667 So.2d 1196. However, other similar cases disallowed the relation back of the amendment, but for reasons based on the failure to meet other Giroir criteria, such as notice and prejudice. See Phillips v. Palumbo, 94-1323 (La.App. 4 Cir. 12/15/94), 648 So.2d 40; Louviere v. Hartford Ins. Co., 531 So.2d 299 (La.App. 3d Cir.1988).
Plaintiff in the instant case cites Farber v. United States Fidelity & Guar. Ins. Co., 561 So.2d 951 (La.App. 4th Cir.1990), in support of her position. In that case, plaintiff, a doctor, sought to amend his petition to add a professional corporation, of which he was sole shareholder, asserting a claim for loss of income. The amendment was filed nearly two and one-half years after the occurrence which was the subject of the lawsuit. The court stated that the third Giroir factor was readily applicable to this particular change in capacity. However, the court's decision turned on the second Giroir factor, whether the defendant knew or should have known of the existence or involvement of the added plaintiff, and did not allow the amendment to relate back for failure to meet this criterion. Farber, 561 So.2d at 951-952.
Plaintiff further relies on Small v. Baloise Ins. Co., 96-2484 (La.App. 4 Cir. 3/18/98), 753 So.2d 234, which permits relation back of an added, post-prescription plaintiff who was not related to the original plaintiff in the familial sense. The original plaintiff, Ms. Small, sought recovery for water damage to her art gallery in which the artist Mr. Sehring exhibited his paintings. Ms. Small made her original claim on behalf of herself and the artist. Following an exception of no right of action regarding Mr. Sehring's damages because Ms. Small was only the consignee and not the owner of the paintings, Ms. Small amended her petition to include Mr. Sehring as a plaintiff. Consequently, the original claim made by Ms. Small on behalf *255 of Mr. Sehring was the same claim transferred to him by amended petition. The court found that the new plaintiff met all the Giroir requirements, and specifically found that he met the third requirement because both plaintiffs had a unique legal relationship limited to the consignment agreement. Small, 96-2484 at pp. 17-18, 753 So.2d at 245.
It is apparent from the foregoing survey of cases that the circumstances under which the court has allowed amended petitions naming new plaintiffs to relate back were usually those where the new and added plaintiffs were close family members who had a special legal relationship. Nevertheless, the holding in Giroir is not so restrictive as to mandate that the new and old plaintiffs be related by blood or affinity, as evidenced by Farber and Small, which recognized persons or entities with only a legal relationship to the original plaintiff or tort victim.
Ms. Christy asserts that her status as niece and fellow guest passenger of the original plaintiff is sufficient to satisfy the Giroir language defining a close relationship:
The original and the new plaintiffs have close, familial and legal relationships: As parent and children, and as members of a nuclear family including the deceased, they are authorized by law to the exclusion of all other persons to recover in survival and wrongful death actions because of Mrs. Giroir's death. Giroir, 475 So.2d at 1045.
We disagree with Ms. Christy's assertion and find that the Giroir definition of "close, familial and legal relationships" is not broad enough to encompass Ms. Christy's particular circumstances. Giroir clearly limits the added family-member plaintiff to the relationship of immediate family of husband-wife and parents-children, and to the legal relationships arising from such familial relationship. As to Ms. Christy's status as guest passenger, we recognize no legal relationship between fellow guest passengers and can glean no other legal relationship from the record.
A closer look at Giroir and its progeny also reveals that the third Giroir element was deemed satisfied when the amendment involved a cause of action arising from, or dependent upon, a common tort victim, common to the original and added plaintiff. In other words, the successful added plaintiffs had divergent claims stemming from a common root, namely the same tort victim. Unlike wrongful death or survival actions, or even a Farber situation, there is no common tort victim in the instant case upon which both the original and added plaintiffs base their claims.
Thus, Ms. Christy's position is distinguished from most other post-prescription plaintiffs who met the third Giroir criterion because she is a direct tort victim. Ms. Christy has a separate but parallelnot divergentcause of action, which is unique to herself and not contingent upon the death or injury of another. Ms. Christy's direct and simultaneous involvement in a tort arising from the same occurrence as the original plaintiff's pleading substantially differentiates her from Giroir and supporting jurisprudence. (Small is an exception, but it is factually distinguishable due to the transferral of the original claim and the contractual relationship between the plaintiffs).
Consequently, this court concludes that plaintiff Tammy Christy, as an added plaintiff by amended petition, is not "sufficiently related" so that she is "not wholly new or unrelated" as mandated by Giroir for the purpose of defeating prescription.

CONCLUSION
For the foregoing reasons, we affirm the decision of the trial court granting defendant State Farm's exception of prescription and dismissing all claims of plaintiff Tammy Christy. Costs of this appeal are assessed against appellants.
AFFIRMED.
NOTES
[1] Judge Mary Hotard Becnel of the Fortieth Judicial District Court is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.