811 So.2d 226 (2002)
Betty HOWARD, et al., Plaintiff-Appellee,
v.
Michelle EDMON, et al., Defendants-Appellees.
No. 35,715-CA.
Court of Appeal of Louisiana, Second Circuit.
February 27, 2002.
Piper and Associates by Brenda F. Ford, for Intervenor-Appellant Mary Helen Robinson.
Ronald J. Miciotto, David S. Williams, Shreveport, for Plaintiff-Appellee Betty Howard.
Casten & Pearce by Theodore J. Casten, Shreveport, for Defendants-Appellees State Farm Mutual Auto Ins. Co. and Davis Bilton, Jr.
Richie & Richie by Byron A. Richie, Paul D. Oberle, Jr., Shreveport, for Defendant-Appellee Diamond State Ins. Co./Old American County Mutual Fire Ins. Co.
Before BROWN, GASKINS and KOSTELKA, JJ.
GASKINS, Judge.
In this suit arising from an auto collision, intervenor Mary Helen Robinson appeals from trial court judgments granting *227 exceptions of prescription filed by the defendants. We affirm.

FACTS
On April 8, 2000, a vehicle in which Ms. Robinson, Amelia Howard, and Veria Howard were guest passengers was involved in a collision with another auto. Betty Howard, on behalf of minors Amelia Howard and Veria Howard, filed a petition for damages on July 21, 2000. Ms. Robinson who was neither a relative of the original plaintiffs, nor had any relationship with them other than being a guest passenger filed a petition for intervention on April 11, 2001, seeking personal injury damages.
Peremptory exceptions of prescription were filed in response to Ms. Robinson's intervention. In separate judgments rendered in July 2001, the trial court sustained the exceptions, dismissing Ms. Robinson's demands and holding that her claims did not relate back to the filing of the petition by the original plaintiffs. She appeals.

DISCUSSION
Delictual actions are subject to a liberative prescription of one year; this prescription commences to run from the day injury or damage is sustained. La. C.C. art. 3492. The party pleading a peremptory exception of prescription bears the burden of proof. However, where the cause of action is prescribed on the face of the petition, the petitioner bears the burden of rebutting the plea of prescription. McGill v. Thigpen, 34,386 (La.App.2d Cir.2/28/01), 780 So.2d 1224.
In the case at bar, the accident occurred on April 8, 2000, but the petition for intervention was not filed until more than one year later on April 11, 2001. Thus, the issue presented here is whether the intervention related back to July 21, 2000, when the original petition for damages was filed.
In Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985), the Louisiana Supreme Court set forth a four-part test for determining whether an amendment adding new plaintiffs would relate back to the date of the filing of the original petition. The four Giroir factors allowing relation back are: (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant will not be prejudiced in preparing and conducting his defense.
In Riddle v. Simmons, 626 So.2d 811 (La.App. 2d Cir.1993), writ denied, 93-2920 (La.4/29/94), 637 So.2d 459, we concluded that the Giroir four-part test, although concerning amended petitions, should be applied in determining whether an original petition interrupted prescription to the benefit of an intervenor. In Riddle, a joint venturer sought to intervene in a fraud action brought by coventurers against the remaining joint venturer. When focusing on the third factor concerning whether the new and old plaintiffs are sufficiently related, we noted that one of the original plaintiffs and the intervenor were actually co-owners of the property in question and that in an earlier decision, we had determined that the original petition alleged the existence of a joint venture for the management of immovables. Under these circumstances, we concluded that the appellant-intervenor could not be considered wholly new and unrelated to the earlier petitioner.
In the recent case of Harvill v. Arnold, 34,409 (La.App.2d Cir.1/26/01), 777 So.2d *228 1271, we again applied the Giroir test to a petition in intervention. In Harvill, a corporation purchased property in Shreveport and began leasing the property. Later, when two agents of the corporation appeared at the property to collect rent, they were arrested and charged with attempted felony theft because the property allegedly did not belong to the corporation. A local television station had a reporter and cameraman present at the arrest, and subsequently ran a news story stating that the individuals arrested had a lucrative, illegal business of renting out houses that did not belong to them. The corporation itself was not mentioned in the report. Charges against the two individuals were refused by the district attorney, and they subsequently filed suit against several defendants, including the television station. They alleged that the statements made in the broadcast were false and defamatory and amounted to an invasion of privacy. More than a year after the broadcast, the corporation, along with several individuals who were alleged to be joint venturers with the two original plaintiffs, filed a petition in intervention adopting the allegations in the original petition and seeking damages against the television station for defamation and invasion of privacy. The television station filed a peremptory exception of prescription that was granted by the trial court.
On appeal, when applying the third factor of the Giroir test, this court found that the intervenors and the original plaintiffs were sufficiently related. The two original plaintiffs were agents of the corporation, and they were performing their duties as agents on behalf of the corporation when they were arrested. Moreover, the original plaintiffs and the intervenors apparently were involved in a joint venture to purchase tax sale properties. Thus, there was a business relationship between the plaintiffs and the intervenors.
The Riddle and Harvill cases present examples of relationships sufficient to satisfy the third requirement of the Giroir test. However, in Delmore v. Hebert, 99-2061 (La.App. 1st Cir. 9/22/00), 768 So.2d 251, the First Circuit applied the Giroir test in a lawsuit arising from an automobile accident where a passenger who timely filed an action for damages subsequently sought, more than one year after the accident, to file an amending petition adding another guest passengerher niece as a new plaintiff. The claims in the amended petition were defeated on an exception of prescription, and the court of appeal affirmed. The appellate court found that the first, second and fourth Giroir factors were met. However, as to the third factor, the court concluded that the new plaintiff was incorrect in asserting that her status as niece and fellow guest passenger of the original plaintiff was sufficient to satisfy Giroir. To the contrary, the appellate court found that the Giroir definition of "close, familial and legal relationships" was not broad enough to encompass the new plaintiff in that case. The Giroir case was described as limiting the added family-member plaintiff to the relationship of immediate family of husbandwife and parents-children, and to the legal relationships arising from such familial relationship. However, the First Circuit also observed that Giroir was not so restrictive as to mandate that the new and old plaintiffs be related by blood or affinity. The court did not consider the new plaintiff's status as a guest passenger as creating a cognizable legal relationship with the other guest passengers. It concluded that while the third element of Giroir could be satisfied when an amendment involved a cause of action arising from or dependent upon a common tort victim, so that the new plaintiffs had divergent claims stemming from a common tort victim, there was no such common tort victim in Delmore. Instead, the new plaintiff had *229 a separate but parallelnot divergent cause of action unique to herself and not contingent upon the death or injury of another.
We agree with the First Circuit in Delmore that a guest passenger, without more, does not have a legal relationship with fellow guest passengers that will satisfy the third part of the Giroir test requiring the new and old plaintiffs to be sufficiently related. Moreover, in the instant case the intervenor has even less of a relationship than the new plaintiff in Delmore in that Ms. Robinson lacks any familial relationship with her fellow guest passengers. Consequently, we find that the third factor of the Giroir test requiring a sufficient relationship between the new and old plaintiffs is not satisfied here and that the trial court correctly granted the exceptions of prescription.

CONCLUSION
The trial court judgments sustaining the exceptions of prescription are affirmed. Costs are assessed to the appellant.
AFFIRMED.