GASKINS, J.
_JjIn this case, the trial court sustained an exception of prescription against a plaintiff who intervened more than two years after the occurrence of the fatal automobile accident from which this litigation arose. For the following reasons, we affirm the trial court’s judgment.
FACTS
On May 14, 2001, Geneva Jackson and Ellen P. Jones were killed in an automobile accident; Jackson was Jones’ guest passenger. Jackson’s heirs filed a petition on October 26, 2001, naming as defendants the Estate of Ellen P. Jones and her insurer, Mutual Service Casualty Insurance Company. Additional defendants were Donny Fountain, Roland Haines, and Texas All Risk Direct Bill Insurance Company. Haines was the driver of a truck that struck the Jones vehicle; the truck was owned by Fountain and insured by Texas All Risk.
In May 2003, the Estate of Ellen P. Jones and her insurer were dismissed with prejudice by the Jackson heirs. Then, in August 2003, a petition for intervention was filed by Betty Jean Thomas, Herman Powell, Roy Powell, Stella Powell, Clyde Powell, and Tommy Powell, all of whom alleged that they were surviving nieces and nephews of Ellen P. Jones, seeking wrongful death damages. On October 2, 2003, Dallas Powell was added through an amending petition as an additional plaintiff; he claimed to be the surviving brother of Ellen P. Jones.
*961 On October 23, 2003, the Jackson heirs’ demands against Fountain, ^Haines, and Texas All Risk were dismissed with prejudice based on a compromise agreement. Then, near the end of October 2003, Fountain, Haines and Texas All Risk filed an exception of improper cumulation of actions that the trial court subsequently granted, dismissing the would-be interve-nors. This judgment was appealed; on appeal, this court affirmed the trial court’s judgment as to all intervenors except Dallas Powell. See Jackson v. Estate of Jones, 39,056 (La.App.2d Cir.10/27/04), 887 So.2d 618, writ denied, 2004-2907 (La.2/4/05), 893 So.2d 874.
Following this court’s opinion, Fountain, Haines, and Texas All Risk filed an exception of prescription with respect to the demands of Dallas Powell. That exception was granted by the trial court, and the instant appeal followed.
DISCUSSION
On appeal, Dallas Powell argues that prescription for his action was interrupted by the timely-filed initial suit. He cites Louviere v. Shell Oil Company, 440 So.2d 93 (La.1983), for the legal principle that when several parties share a single cause of action, suit by one interrupts prescription as to all. Powell also cites Succession of Tompkins, 32,405 (La.App.2d Cir.12/8/99), 747 So.2d 1251, for the proposition that when a defendant knows or should know, prior to the expiration of a prescriptive period, that legal demands are made upon him from the occurrence described in the petition filed, prescription is interrupted. He then argues that where tortfeasors’ actions cause the death of two people, the heirs of both decedents would be indispensable parties, and the tortfea-sors should be aware of these parties’ potential claims.
| ¡¡The Louisiana Supreme Court set forth a four-part test for determining whether an amendment adding new plaintiffs would relate back to the date of the filing of their original petition in Giroir v. South Louisiana Medical Center, 475 So.2d 1040 (La.1985). The four factors set forth are: (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading; (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff; (3) the new and old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated; and (4) the defendant will not be prejudiced in preparing and conducting his defense.
This test was applied in Delmore v. Hebert, 1999-2061 (La.App. 1st Cir.9/22/00), 768 So.2d 251, where a passenger in an automobile accident timely filed an action for damages and then subsequently sought, more than a year after the accident, to file an amending petition adding her niece, who was another guest passenger, as a new plaintiff. The addition of the niece as an additional plaintiff was rejected pursuant to an exception of prescription, and the appellate court affirmed. We agreed with Delmore in Howard v. Edmon, 35,715 (La.App.2d Cir.2/27/02), 811 So.2d 226, where a personal injury action was brought on behalf of minor occupants of an automobile involved in a collision, and another passenger petitioned to intervene:
We agree with the First Circuit in Del-more that a guest passenger, without more, does not have a legal relationship with fellow guest passengers that will satisfy the third part of | ¿the Giroir test requiring the new and old plaintiffs to be sufficiently related. Moreover, in the instant case the intervenor has even less of a relationship than the new plaintiff in Delmore in that Ms. Robinson lacks any *962 familial relationship with her fellow guest passengers. Consequently, we find that the third factor of the Giroir test requiring a sufficient relationship between the new and old plaintiffs is not satisfied here and that the trial court correctly granted the exceptions of prescription.
In the instant case, a very important point to be taken into account is the fact that at the time Dallas Powell sought to intervene in this lawsuit, the only parties to the lawsuit were the Jackson heirs as plaintiffs, and Fountain, Haines, and Texas All Risk as defendants. Ms. Jones’ estate was never a plaintiff in this lawsuit, and was not even a party to the lawsuit at the time of the interventions because the estate had been dismissed as the result of a compromise and settlement in May 2003. Accordingly, under the third Giroir factor, the only “old plaintiffs” with whom Dallas Powell could claim to be “sufficiently related” would be the Jackson heirs, not the estate of Ms. Jones. Plainly, under the rationale of both Howard, supra, and Del-more, supra, the third factor of the Giroir test is not satisfied. Considered from a different perspective, if Ms. Jones herself had survived the automobile accident and had waited more than a year after the accident before attempting to intervene in the Jackson heirs’ lawsuit, then Ms. Jones’ own cause of action would be prescribed under the rational of Howard, supra, and Delmore, supra. Thus, her brother, Dallas Powell, can fare no better.
J^CONCLUSION
For the reasons set forth above, the trial court correctly granted the exception of prescription, and the trial court’s judgment is hereby affirmed at appellant’s cost.
AFFIRMED.
APPLICATION FOR REHEARING
Before BROWN, WILLIAMS, STEWART, GASKINS, and LOLLEY, JJ.
Rehearing denied.