752 So.2d 324 (2000)
Keith BARROCIERE and Benita Franklin
v.
Henrietta BATISTE and Allstate Insurance Company.
No. 99-CA-1800.
Court of Appeal of Louisiana, Fourth Circuit.
February 2, 2000.
*325 Christopher E. Lozes, Lozes & Cambre, New Orleans, Louisiana, Counsel For Defendants/Appellants.
Christopher J. Williamson, Law Office of Edward J. Womac, Jr., APLC, New Orleans, Louisiana, Counsel For Plaintiffs/Appellees.
Court composed of Judge ROBERT J. KLEES, Judge MIRIAM G. WALTZER, Judge DENNIS R. BAGNERIS, Sr.
BAGNERIS, Judge.

FACTS
On June 27, 1996, Keith Barrociere and Benita Franklin (hereinafter "Mr. Barrociere" and "Ms. Franklin") were leaving Bally's Casino when they were approached by a driver of a van who asked them for their parking spot. Upon acknowledging the request of the van owner, Mr. Barrociere and Ms. Franklin proceeded to their vehicle while the van waited in the aisle of the parking lot. As Mr. Barrociere proceeded *326 to back out of the parking spot, a vehicle operated by Henrietta Batiste (hereinafter "Ms. Batiste") approached the waiting van from behind. Ms. Batiste stopped her car briefly before attempting to pass the stationary vehicle, during which time Mr. Barrociere backed his car out of the parking space, thereafter resulting in a collision between the two cars. As a result of the accident, both Mr. Barrociere and Ms. Franklin suffered minor injuries.
Approximately three months after the accident, both Mr. Barrociere and Ms. Franklin sought medical treatment from Dr. Stewart Altman for on-going pain that they had experienced as a result of the accident. Upon examination, Dr. Altman found objective signs of muscle spasms in each party and subjective findings consistent with neck and back pain in Mr. Barrociere. He provided treatment for both individuals through January 22, 1999.
On April 14, 1999, this case was tried before the Honorable Angelique Reed. Judge Reed rendered judgment in favor of Mr. Barrociere and Ms. Franklin awarding general damages to each of them in the amount of $4,500.00 and special damages in the amount of $1,038.00 and $740.00 to each party respectively.
On April 21, 1999, Allstate appealed the judgment of the trial court.

DISCUSSION
Ms. Batiste has raised two issues before this Court regarding the accident on June 27, 1996: the question of liability and the trial court's discretion in awarding $4,500 in general damages to Mr. Barrociere and Ms. Franklin.
The discretion allotted a trier of fact is great. The Louisiana Supreme Court has announced a two-tier test for the reversal of a trial court's determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Mart v. Hill, 505 So.2d 1120 (La.1987); Lewis v. State, through DOTD, 654 So.2d 311 (La. 1995). This test dictates that a reviewing court must do more than simply review the record for additional evidence which may support or controvert the trial court's finding. They must review the record in its entirety to determine whether the trial court's findings were clearly wrong or manifestly erroneous. Thus, a court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of manifest error or unless it is clearly wrong. Stobart v. State, through DOTD, 617 So.2d 880 (La.1993).
Moreover, the issue before a reviewing court is usually not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one. Even when an appellate court may feel its own evaluations and inferences are more reasonable than the factfinder's, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Rosell v. ESCO, 549 So.2d 840 (La.1989); Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Thus, an "appellate court's disagreement with the trial court, alone is not grounds for substituting its judgment for that of the trier of fact." Lewis, 654 So.2d at 314 citing Borden, Inc. v. Howard Trucking Co., Inc., 454 So.2d 1081 (La. 1983).
Likewise, the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact. Reck v. Stevens, 373 So.2d 498 (La.1979). Thus, the trier of fact's discretion in assessing general damages is also great.

I. WHETHER THE TRIALCOURT COMMIT MANIFEST ERROR BY FINDING HENRIETTA BATISTE SOLELY RESPONSIBLE FOR CAUSING THE ACCIDENT.
A motorist's duty while passing a vehicle on the left is set forth in LSA R.S. *327 32:73. Specifically, LSA R.S. 32:75 provides that an overtaking vehicle must return to the right-hand side of the roadway before coming within one hundred feet of any vehicle approaching from the opposite direction. Moreover, the driver of an overtaking or passing vehicle has the duty to ascertain before attempting to pass a preceding vehicle that from all the circumstances of traffic, lay of the land, and conditions of the roadway, the passing can be completed with safety. Palmieri v. Frierson, 288 So.2d 620 (La.1974); Guillory v. Insurance Co. of North America, 671 So.2d 1112 (La.App. 3 Cir.1996).
It is undisputed that at the time of the accident Ms. Batiste was in the process of passing a stationary van and attempting to return to the proper travel lane in what was likely a busy, casino parking lot. This court finds that given the circumstances, Ms. Batiste as a licensed and presumably an experienced driver, should have reasonably assumed that the van was stopped in the parking lot for a reason, i.e. it was waiting for another vehicle to exit a parking spot. However, according to both parties' account, Ms. Batiste stopped only momentarily behind the van before deciding to overtake it. Thus, despite her assertion that she checked for on-coming traffic, we find that Ms. Batiste failed in that brief moment to check for the obvious possibility of a backing vehicle, and thus consequently failed to assess all the circumstances of traffic. As a result, we find that she was negligent in attempting to pass the van, as it was impossible for her to do it in a safe manner.
Moreover, at the time of the accident, Ms.Batiste had not yet returned to her proper travel lane, thus when there is a change of lanes by a motorist immediately preceding an accident, the burden of proof is on the motorist changing lanes to show that it first ascertained that its movement could be made safely. Averna v. Industrial Fabrication and Marine Service, Inc., 562 So.2d 1157, 1160 (La.App. 4 Cir.1990). As both parties have relied on Averna in their respective arguments, this Court finds that Ms. Batiste had a duty to determine whether she could overtake the van in a safe manner. Accordingly, we find that she breached that duty by failing to properly assess the condition of the parking lot, including the possibility of backing vehicles, which subsequently caused the accident in which Mr. Barrociere and Ms. Franklin were injured. For these reasons, we find that the trial court did not commit manifest error by finding Ms. Batiste solely responsible for causing the accident.

CREDIBILITY OF WITNESSES
Reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review where conflict exists in the testimony. Stobart, 617 So.2d at 882. The reason behind this well-settled principle of review is based not only upon the trial court's better capacity to evaluate live witnesses, as compared with the appellate court's access only to a cold record, but also upon the proper allocation of trial and appellate functions. Id. at 883. However, where documents or objective evidence so contradict the witness' story, or the story itself is so internally inconsistent or implausible on its face, that a reasonable factfinder would not credit the witness' story, the court of appeal may find manifest or clear wrongness even in a finding purportedly based upon a credibility determination. Id. at 882. Notwithstanding, where there are two permissive views of evidence, the factfinder's choice between them cannot be manifestly erroneous or clearly wrong. Lewis, 654 So.2d at 313-314.
In the present case, we find after a review of the record that the trial judge was presented with two permissible yet different views as to whose fault caused the accident. After hearing the law, the evidence, and the arguments of counsel, the trial court ruled in favor of Mr. Barrociere and Ms. Franklin holding that the accident was a result of Ms. Batiste's negligence. *328 The trial judge reasoned that Ms. Batiste was driving in the wrong lane of travel at the time of the accident and thus the plaintiff was not expected to see a car traveling on the wrong side in a parking lot. We agree.
Likewise, we have found no additional evidence with regard to witness credibility or inconsistent testimony that would lead us to second-guess the judgment of the lower court. We emphasize that our function as an appellate court is not to rehear this case, but only to warrant that the lower court has properly applied the law to the facts in deciding this matter. Therefore, upon a thorough review of the record, we find that the trial court's finding was not manifestly erroneous or clearly wrong.

GENERAL DAMAGE
The issue of general damage awards and the "much discretion" in fixing damages accorded to trial courts was addressed in Reck v. Stevens, supra In Reck, the Louisiana Supreme Court held that the role of an appellate court in reviewing general damages is not to decide what it considers to be an appropriate award, but rather to review the exercise of discretion by the trier of fact.
Moreover, the standard for appellate review of general damages awards is difficult to express and is necessarily nonspecific and the requirement of an articulated basis for disturbing such awards gives little guidance as to what articulation suffices to justify modification of a generous or stingy award. Nevertheless, the theme that emerges from Louisiana jurisprudence is that the discretion vested in the trier of fact is great and even vast, so that an appellate court should rarely disturb an award of general damages. Youn v. Maritime Overseas Corp., 623 So.2d 1257, 1261 (La.1993).
Thus, reasonable persons frequently disagree about the measure of general damages in a particular case. It is only when the award is, in either direction, beyond that which a reasonable trier of fact could assess for the effects of the particular injury to the particular plaintiff under the particular circumstances that the appellate court should increase or decrease the award. Id.
In the present case, Dr. Altman, Mr. Barrociere and Ms. Franklin's treating physician, testified at trial that both parties suffered cervical and lumbar injuries as a result of the accident on June 26, 1997 in which case, each received a general and special damage award. Notwithstanding, Ms. Batiste has suggested that the trial court abused its discretion in awarding Mr. Barrociere and Ms. Franklin these damages since they waited some three months before seeking medical treatment for their injuries. We disagree. Moreover, we find that despite the nature of the delay, both Mr. Barrociere and Ms. Franklin have provided sufficient justification for their failure to seek treatment immediately following the accident. Therefore, we find that the lower court properly relied on the Dr. Altman's testimony in assessing damages as Ms. Batiste failed to provide evidence that would contradict Dr. Altman's diagnoses of Mr. Barrociere and Ms. Franklin. For these reasons, we find that the lower court did not abuse its discretion in awarding these damages.

CONCLUSION
For the above-mentioned reasons, we find that Ms. Batiste's negligence was the sole cause of the accident on June 27, 1996. Similarly, we find that the trial court did not abuse its discretion in awarding each Mr. Barrociere and Ms. Franklin general damages in the amount of $4,500.00 and special damages in the amount $1,038.00 and $740.00 to each party respectively. Thus, the judgment of the trial court is affirmed.
AFFIRMED.