| ARMSTRONG, J.,
dissents with reasons.
I respectfully dissent. It is the duty of a driver not to leave his lane until he “has first ascertained that such movement can be made with safety”. La. R.S. 32:79(1). A motorist entering another lane is required to determine that traffic in that lane will not be endangered. Daigle v. Mumphrey, 96-1891 (La.App. 4 Cir. 08/12/97), 691 So.2d 260, 268. Moreover, when a motorist has changed lanes just prior to an accident, that motorist bears the burden of proving that he determined that the movement could be made safely prior to attempting the move. Id. See also Barrociere v. Batiste, 99-1800 (La.App. 4 Cir. 02/02/00), 752 So.2d 324, 327. Averna v. Industrial Fabrication and Marine Service, Inc., 562 So.2d 1157, 1161 (La.App. 4th Cir.1990); Kennedy v. Mitchell Engineering, 518 So.2d 1128, 1132 (La.App. 4th Cir.1987), writ denied, 523 So.2d 231, 232 (La.1988).
In the present case, it is undisputed that Leon’s truck crossed into Guidry’s lane and that the collision occurred in Guidry’s lane. Leon admits that, prior to making the turn, he knew that his truck would enter Guidry’s lane. Thus, it was incumbent upon Leon to avoid vehicles in Gui-dry’s lane or, alternatively, not to make the left turn at the intersection where the collision occurred and, instead, to use some other route. In any case, because Leon knew he would enter Guidry’s |¡>lane, and *688 he did not avoid the collision, he is liable for the collision as per the authorities cited above.
Accordingly, I would affirm the judgment of the trial court.
McKAY, J. Dissents with Reasons.