# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### CW 05-25

**JANIE AUDRA MASON**

**VERSUS**

**JAMES A. LUTHER, ET AL**

**********

APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 63,571
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

**BILLY HOWARD EZELL
JUDGE**

**********

Court composed of Glenn B. Gremillion, Billy Howard Ezell, and James T. Genovese, Judges.

**WRIT GRANTED AND REMANDED.**

**Charles Carmen Foti, Jr.**
**Attorney General**
**P. O. Box 94005**
**Baton Rouge, LA 70804**
**(225) 326-6000**
**Counsel for Defendant/Applicant:**
**State of Louisiana, DOTD**

**Edward Alan Kaplan**
**Attorney at Law**
**P. O. Box 12386**
**Alexandria, LA 71315**
**(318) 448-0831**
**Counsel for Plaintiff/Respondent:**
**Janie Audra Mason**

**Elizabeth Brooks Hollins**
**Department of Justice**
**901 Lakeshore Drive #820**
**Lake Charles, LA 70601**
**(337) 491-2844**
**Counsel for Defendant/Applicant:**
**State of Louisiana, DOTD**

**EZELL, JUDGE**.

This case presents the *res nova* issue of whether children conceived and/or born after an accident involving their mother have causes of action for loss of consortium. Issues of prescription are also raised. The State of Louisiana, Department of Transportation and Development (DOTD), filed exceptions of no right/no cause of action and prescription to the loss of consortium claims filed on behalf of these children which were denied by the trial court. The DOTD sought supervisory writs in this court from the denial of its exceptions. We granted the writ for the purpose of calling the case up for full briefing, argument, and an opinion.

## FACTS

On May 5, 1999, an automobile accident occurred involving Janie Audra Mason (Mason) and James Luther (Luther). Suit was filed by Mason on May 19, 1999, against Luther, his insurance company, and the DOTD. Luther and his insurance company were subsequently dismissed from the suit. In July 2004, Mason filed a supplemental and amending petition adding loss of consortium claims on behalf of her minor children. Five children were named in the amending petition. Of the five, one was born at the time of the accident, three were born after the accident, and one was conceived, but not born at the time of the filing of the supplemental petition.

In response to the supplemental petition, the DOTD filed exceptions of no cause/no right of action and prescription. A hearing was held on November 15, 2004, after which the trial court denied the exceptions.

## NO CAUSE OF ACTION

The DOTD argues that children not born at the time of the accident do not have a cause of action for loss of consortium. It does not contest the right of the child,

1

Jane Coward, who was alive at the time of the accident to bring a claim for loss of consortium. It contends that the claimants must have been in existence at the time of the accident to have a cause of action for loss of consortium.

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy against the defendant to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether the particular plaintiff is afforded a remedy in law based on the facts alleged in the pleading. The exception is triable on the face of the petition and, for the purpose of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this court should conduct a *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. Every reasonable interpretation must be accorded the language of the petition in favor of maintaining its sufficiency and affording the plaintiff the opportunity of presenting evidence at trial.

*Industrial Cos., Inc. v. Durbin*, 02-665, pp.6-7 (La. 1/28/03), 837 So.2d 1207, 1213 (citations omitted).

Louisiana Civil Code Article 2315(B) provides for a cause of action for recovery of damages for loss of consortium and states that damages "shall be recoverable by the same respective categories of persons who would have had a cause of action for wrongful death of an injured person." "The surviving spouse and child or children of the deceased, or either the spouse or the child or children" are entitled to assert a wrongful death action. La.Civ.Code art. 2315.2(A)(1). Therefore, children do have a cause of action for loss of consortium.

However, pertinent to this case is La.Civ.Code art. 26 which provides that "[a]n unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception." Furthermore, in *Landry v. Avondale*

2

*Indus., Inc.*, 03-719, 03-993, 03-1002, p.4 (La. 12/3/03), 864 So.2d 117, 122, the supreme court recalled the well-settled rule:

> that a cause of action for loss of consortium does not accrue until a plaintiff suffers the actual loss of consortium, which has been held to occur at the time an injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society.

The children's mother, Mason, was in an accident and suffered damages on May 5, 1999. At that time, she had one child, Jane Coward, and was expecting another; Sofia Coward was born on October 26, 1999. The other three children were not conceived at the time of the accident. Louisiana Civil Code Articles 2315 and 2325.2(A) contemplate a child's existence at the time the cause of action for loss of consortium arises. Relying on La.Civ.Code art. 26 and *Landry*, we find that the three children not yet conceived when their mother was in an accident and suffered injuries have no cause of action for loss of consortium. However, Sofia, who was conceived at the time of the accident, and subsequently born alive, would have a cause of action, as would her sister Jane.

## PRESCRIPTION

The DOTD also argues that the claims of the children have prescribed. Since we found that only two of the children have a cause of action for loss of consortium, we will discuss whether their claims have prescribed.

Louisiana Code of Civil Procedure Article 1153 provides: "When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."

The leading case on the application of La.Code Civ.P. Article 1153 to an amended petition adding new plaintiffs is *Giroir v. South Louisiana Med. Ctr., Div.*

3

*of Hosps.*, 475 So.2d 1040 (La.1985). In *Giroir*, 475 So.2d at 1044, the supreme court set out a four-part test for determining whether an amendment adding plaintiffs should be allowed to relate back to the date of the original petition:

> (1) the amended claim arises out of the same conduct, transaction, or occurrence set forth in the original pleading;  (2) the defendant either knew or should have known of the existence and involvement of the new plaintiff;  (3) the new and the old plaintiffs are sufficiently related so that the added or substituted party is not wholly new or unrelated;  (4) the defendant will not be prejudiced in preparing and conducting his defense.

In *Poirier v. Browning Ferris Indust.*, 517 So.2d 998 (La.App. 3 Cir.), *writ denied,* 519 So.2d 105 (La.1987), this court held that the post-prescription amendment adding a wife's claim for loss of consortium did not relate back to the timely-filed original petition of the husband. This court reasoned that, although the loss of consortium claim arose out of the same incident as the husband's claim, it was a separate cause of action. However, this court also found that nothing in the original petition put the defendants on notice that the plaintiff had a wife, and the unexpected and untimely filing of this claim would prejudice the defendants.

In the present case, the DOTD had notice of these two children because the original petition stated that the mother was expecting at the time of the accident and the attached form asking for an exemption from prepaying court costs indicated that she had one child. In *Morton v. Ray*, 611 So.2d 841 (La.App. 4 Cir. 1992) *writ denied,* 618 So.2d 404 (La.1993), the fourth circuit held that the loss of consortium claims filed by an injured security guard's children did not relate back to the timely claims filed by his wife. The fourth circuit also reasoned that it was a separate cause of action and although the defendants had knowledge of the children's existence, nothing in the timely-filed pleadings put the defendants on notice that the children may have a claim for damages. The court found that it would prejudice the

4

defendants to allow the children to assert a claim for damages. *Also see Wood on Behalf of Hayes v. Hayes*, 524 So.2d 241 (La.App. 5 Cir. 1988), where the fifth circuit would not permit a claim for loss of consortium on behalf of a mother who the defendants knew about because it would change the basic underlying claim of the original demand since it is a new cause of action.

Likewise, the claims of the children were filed five years after the mother's original petition. The DOTD would suffer prejudice by now having to defend these new claims so many years after the accident. Therefore, we find that the claims of Jane and Sofia Coward for loss of consortium do not relate back to the date of their mother's petition and are prescribed.

We grant DOTD's writ, and overturn the trial court's denial of its exceptions of no cause of action insofar as it concerns Georgia Coward, Audrey Coward, and Baby Coward, who were yet to be born at the time the amending petition was filed. We also grant the DOTD's writ on the exceptions of prescription concerning Jane and Sofia Coward. This case is remanded to the trial court for further proceedings.

**WRIT GRANTED AND REMANDED.**