STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

ROZINA AMLANI

VERSUS

ROCKY JAMES MCGEE, ET AL.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 76548
HONORABLE JAMES RAY MCCLELLAND, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Sylvia R. Cooks, John D. Saunders, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

Blair A. Bisbey
Seale, Stover & Bisbey
P. O. Box 480
Jasper, TX 75951
(409) 384-3463
COUNSEL FOR PLAINTIFF-APPELLEE:
    Rozina Amlani

Henry G. Terhoeve
Guglielmo, Marks, Schutte, Terhoeve & Love
320 Somerulos Street
Baton Rouge, LA 70802
(225) 387-6966
COUNSEL FOR DEFENDANT-APPELLANT:
    Rocky James McGee

**PICKETT, Judge.**

Rocky McGee appeals a judgment of the trial court finding him liable in the death of Amin Amlani, husband of the plaintiff, Rozina Amlani, and awarding damages to Mrs. Amlani and her children in the amount of $1.5 million.

## STATEMENT OF THE CASE

At approximately 1:00 A.M. on February 18, 2010, Mr. Amlani drove to work on Grand Point Highway in Henderson. Before he arrived, he collided with an SUV driven by Mr. McGee. The collision propelled Mr. Amlani's vehicle backward. Mr. Amlani died as a result of the injuries he sustained in this accident.

Mr. McGee, who was a seventeen-year-old unlicensed driver at the time of the accident, was returning from a party at a teen club. Mr. McGee admitted that he had consumed five or six beers that night. When his vehicle came to rest, Mr. McGee fled the scene of the crime. When he was apprehended later that night, his blood alcohol content was measured at 0.097%. Mr. McGee pled guilty to felony hit and run and first offense DWI because of his actions that night.

Mrs. Amlani, who was pregnant at the time of the accident, filed suit against Mr. McGee and his insurer, Progressive Security Insurance Company, on behalf of herself, her daughter, Alina, and her unborn child. The matter proceeded to a jury trial. Following a two-day trial, the jury found Mr. McGee at fault for causing the accident. The jury ascribed no liability to Mr. Amlani. The jury awarded Mrs. Amlani $900,000 in damages for the wrongful death of her husband and each of her children $300,000 in damages for the wrongful death of their father. The jury awarded no damages for the survival action brought on behalf of Mr. Amlani.

Following the trial, Progressive paid its policy limits and was released from this litigation. Mr. McGee now appeals the judgment rendered against him.

Mr. McGee asserts four assignments of error:

1. The jury erred in finding Rocky McGee at fault in the accident (either wholly or partially) and refusing to find that the accident was the fault of Amin Amlani (and alternatively that Amin Amlani was comparatively at fault).

2. The trial court erred in failing to charge the jury properly on the presumption of Amlani's fault.

3. The trial court erred in allowing evidence of loss of support, including a claim for future loss of income without requiring the testimony of an economist.

4. The damage awards exceed that which is reasonable based upon the evidence presented and as allowed by law.
   a. The award to Rozina Amlani of $900,000 was excesive.
   b. The award of $300,000 to the minor child, Alina Amlani, and the award to Amin Amlani, unborn at the time of death, was excessive.
   c. The claim of the unborn child Amin Amlani is barred as a matter of law and because that claim was prescribed.
      i. Louisiana law does not support a wrongful death claim by an unborn child
      ii. The claim of Amin Amlani was prescribed.

## DISCUSSION

Apportionment of Fault

Mr. McGee's first assignment of error questions the jury's finding that Mr. McGee was completely at fault in causing the collision. The apportionment of fault is a finding of fact reviewed by this court under the manifest error standard of review. *Stobart v. State, Dep't Trans. And Dev.*, 617 So.2d 880 (La.1993). Under this standard, we must review the record in its entirety and determine if the jury's factual findings were clearly wrong or manifestly erroneous. *Id.* After reviewing the entire record, an appellate court may not reverse reasonable findings of the trial court, even though we would have reached a different conclusion if sitting as the trier of fact. *Fontenot v. Patterson Ins.*, 09-669 (La. 10/20/09), 23 So.2d 259.

Mr. McGee points to his own testimony, the testimony of his passenger, Victor Simon, and the testimony of an accident reconstruction expert, Vernon Tekell, to support his argument that Mr. Amlani was solely at fault in causing the accident. Mr. McGee testified that even though he had five or six beers that night, he was not impaired. He stated that he was in his lane driving fifty or fifty-five miles an hour when Mr. Amlani's vehicle suddenly swerved in front of him when he was only one or one-and-a-half car lengths away. Mr. McGee testified that he tried to swerve to the left to avoid the collision, but he could not. Mr. McGee also testified that he had no driver's license. He claimed that he fled the scene without checking on his passengers or Mr. Amlani because he was just "dazed-out."

Mr. Simon testified that Mr. McGee was not driving unsafely that night. He was texting right before the accident, but did look up just before the collision. He testified that Mr. McGee tried to avoid the accident.

Mr. Tekell was qualified as an expert in accident reconstruction. His key findings were that the point of impact was in the eastbound lane of travel, in which Mr. McGee had the right of way. He stated that Mr. Amlani's vehicle was angled at twenty to thirty degrees relative to the center stripe, while Mr. McGee's vehicle was parallel to the center stripe. He estimated that Mr. McGee was travelling fifty-four to sixty-five miles an hour and Mr. Amlani was travelling between thirty-two and forty-seven miles an hour. The vehicles hit passenger side to passenger side.

The jury clearly did not find Mr. McGee's testimony believable. A jury is in the best position to evaluate witness credibility, and the manifest error standard demands we afford great deference to the jury's view of the evidence. *Bonin v. Ferrellgas, Inc.*, 03-3024 (La. 7/2/04), 877 So.2d 89. Mr. McGee's testimony was clearly self-serving, and conflicted in key points with the testimony of his own

expert. He testified that he was driving slower than the expert determined his speed at impact. He testified that he swerved to avoid the collision, but the expert found his vehicle was travelling straight when the accident occurred. He testified that he was in his lane of travel when the expert testified that he had crossed the centerline. The jury was within its discretion if it concluded that Mr. McGee's intoxication impaired his ability to drive, despite the testimony to the contrary.

Mr. McGee argues that if he shows that Mr. Amlani was in the wrong lane at the time of the collision, the burden of proof is on the plaintiff to exculpate him from fault, citing *Stapleton v. Great Lakes Chemical Corporation*, 627 So.2d 1358 (La.1993). We find it reasonable for the jury, in considering the testimony of Mr. Tekell, to conclude that Mr. Amlani had swerved into Mr. McGee's lane of travel to avoid a collision with Mr. McGee, who had encroached into Mr. Amlani's lane of travel at a high rate of speed. We find no manifest error in the jury's apportionment of 100% of the fault in causing the accident to Mr. McGee.

Jury Charges

In his second assignment of error, Mr. McGee argues the trial court erred in rejecting the following jury instruction:

> When there is a change of lanes by a motorist immediately preceding an accident, the burden of proof is on the motorist changing lanes to show that he first ascertained the movement could be made safely. A presumption of negligence arises when the driver leaves his own lane of travel and strikes another vehicle.

Mr. McGee cited three cases to support this jury charge: *Brewer v. J. B. Hunt Transport, Inc.*, 09-1408 (La. 3/16/10), 35 So.3d 230; *Barriociere v. Batiste*, 99-1800 (La.App. 4 Cir. 2/2/00), 752 So.2d 324; and *Shephard v. Scheeler*, 96-1690 (La. 10/21/97), 701 So.2d 1308.

4

The trial court did not err in refusing to give this instruction to the jury. Each of the cases cited by the Mr. McGee to support the charge is clearly distinguishable from the case before us. In *Brewer*, a vehicle crossed a solid white line without signaling and was rear-ended by another vehicle. In *Barriociere*, a car backing out of a space in a casino parking lot struck a vehicle. In *Shephard*, a vehicle skidded out of control and hit a dump truck parked on the shoulder of the road. None of these cases involve a collision between two cars heading in opposite directions on a two-lane road where both cars crossed the center line. This assignment of error lacks merit.

Evidence of Economic Damages

In this assignment of error, Mr. McGee argues that the trial court erred in allowing evidence for future lost earnings because Mrs. Amlani failed to produce expert economic testimony regarding the current value of Mr. Amlani's potential earnings. To support this argument, Mr. McGee cites *Jones v. Trailor*, 93-2144 (La.App. 4 Cir. 4/28/94), 636 So.2d 1112, *writ denied,* 94-1337 (La. 9/16/94), 642 So.2d 193. In fact, the fourth circuit's opinion in *Jones* is not controlling in this circuit. *See Maddox v. City of Oakdale*, 99-726 (La.App. 3 Cir. 11/3/99), 746 So.2d 764, *writ denied*, 99-3388 (La. 2/11/00), 754 So.2d 936.

This court announced the proof required to show loss of earnings in *Veazey v. State Farm Mutual Automobile Insurance*, 587 So.2d 5, 7 (La.App. 3 Cir. 1991)(citations omitted):

> A claim for loss of earnings need not be proven with mathematical certainty, but only by such proof as reasonably establishes plaintiff's claim. This may consist only of plaintiff's testimony if considered credible by the trier of fact.

5

We find the trial court did not err in allowing evidence concerning the loss of Mr. Amlani's future income. The trial court explained to the jury in its charges that they must discount the amount to the current value of the future lost income. This assignment of error lacks merit.

Damages

In his final assignment of error, Mr. McGee contends the jury's damage awards are abusively high. Our review of the damage awards to Mrs. Amlani is complicated by the fact that the jury verdict sheet only included one line for a total amount of damages. For example, in regards to Mrs. Amlani's damages, the verdict form stated:

> What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Rozina Amlani for her damages that resulted from the death of her husband, Amin Amlani?
>
> Consider the elements of damages listed below and none other. Consider each element separately. Do not include for one element in any other element.
> 1. Pecuniary loss, which means the loss of care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Rozina Amlani would probably have received from her husband, Amin Amlani, had he lived;
> 2. Loss of companionship and society, which means the loss of the positive benefits flowing from the love, comfort, companionship, and society that Rozina Amlani would probably have received from her husband, Amin Amlani, had he lived; and
> 3. Mental anguish, which means the emotional pain and suffering experienced by Rozina Amlani because of the death of her husband, Amin Amlani.
>
> Do not reduce the amounts, if any, in your answer because of the negligence, if any, of Amin Amlani.
>
> Answer in dollars and cents for damages, if any, that were sustained in the past and that, in reasonable probability, will be sustained in the future.
>
> Answer: $ _____

6

As we cannot evaluate each individual element of the damages awarded, we must determine whether the total amount awarded is within the vast discretion of the jury. *Youn v. Maritime Overseas Corp.*, 623 So.2d 1257 (La.1993), *cert. denied*, 510 U.S. 1114, 114 S.Ct. 1059 (1994).

Mr. Amlani was a young man with a devoted, pregnant wife and a young daughter. The jury heard evidence of the loving relationship between Mr. and Mrs. Amlani, two immigrants from India. As a result of Mr. McGee's negligence, Mr. Amlani was killed. We find the total damage award of $900,000 to Mrs. Amlani and $300,000 to each of the children was a reasonable exercise of the jury's discretion.

Finally, Mr. McGee argues that the damage award to Mr. Amlani's son, also named Amin Amlani, is not recognized under our law or is prescribed. To determine whether the claims of young Amin are cognizable under the law of this state, we first turn to La.Civ.Code art. 26, which states, "[a]n unborn child shall be considered as a natural person for whatever relates to its interests from the moment of conception." Civil Code Article 2315.2 includes children of the decedent as those having a claim for wrongful death. Amin had been conceived at the time of his father's death. Therefore, he has a cause of action for the wrongful death of his father. *See Mason v. Luther*, 05-25 (La.App. 3 Cir. 6/1/05), 903 So.2d 1148. The case cited by Mr. McGee, *Diefenderfer v. Louisiana Farm Bureau Mutual Insurance Co.*, 383 So.2d 1032 (La.App. 1 Cir.), *writs granted*, 384 So.2d 985 (La.1980), involved the rights of a stillborn child to recover under La.Civ.Code art. 2315 for the wrongful death of his mother. It is clearly distinguishable from this case.

In the original petition, filed before young Amin was born, Mrs. Amlani claimed damages on behalf of her unborn child. In a supplemental petition filed in August 2012, the plaintiff amended the petition to name Amin Amlani. Clearly this amendment relates back to the original petition. *See* La.Code Civ.P. art. 1153. Mr. McGee was on notice of the younger Amin Amlani's claims from the date of the original petition. The supplemental petition more particularly identifying him was by no means prejudicial. This court has found that the addition of a minor child as a new party in an amendment to a petition relates back to the filing of the original petition for the purposes of prescription. *Hudnall v. Volk*, 97-573 (La.App. 3 Cir. 10/8/97), 702 So.2d 909. The claims of Amin Amlani were not barred by prescription.

## CONCLUSION

The judgment of the trial court is affirmed. All costs of this appeal are assessed to the appellant, Rocky McGee.


**AFFIRMED.**

8